Laura Davis Jones (*pro hac vice* pending)
Steven W. Golden
Mary F. Caloway (*pro hac vice* pending)
PACHULSKI STANG ZIEHL & JONES LLP
1700 Broadway, 36th Floor
New York, New York 10019
Telephone: 212-561-7700
Facsimile: 212-561-7777

*Counsel to the Foreign Representative*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>CANACOL ENERGY LTD.,[1] *et al.*<br><br>Debtors in a Foreign Proceeding. | Chapter 15<br><br>Case No. 25- 12572<br><br>(Joint Administration Requested) |

**DECLARATION OF KATHERINE FORBES OF KPMG INC., AS MONITOR AND FOREIGN REPRESENTATIVE, IN SUPPORT OF VERIFIED PETITIONS FOR RECOGNITION OF FOREIGN PROCEEDING AND RELATED RELIEF**

I, Katherine Forbes, to the best of my information and belief, state as follows:

1. I am a Senior Vice President of KPMG Inc. ("KPMG"). KPMG is the court-appointed monitor and authorized foreign representative (in such capacities, the "Monitor" or the "Foreign Representative") of the above-captioned debtors (collectively, the "Debtors"), which are the subject of jointly-administered proceedings (the "Canadian Proceeding") under the *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36 (as amended, the "CCAA"), before the Court of King's Bench of Alberta (the "Canadian Court"). Concurrently herewith, the Foreign

---

[1] The Debtors, along with the last four digits of each Debtor's unique identifier, as applicable, are as follows: Canacol Energy Ltd. (2074); Cantana Energy GmbH (8873); CNE Oil & Gas S.R.L. (9803); Canacol Energy ULC (0350); Shona Holding GmbH (2126); Canacol Energy Colombia S.A.S. (5633); CNE Energy S.A.S (0691); CNE Oil & Gas S.A.S. (6580); 2498003 Alberta ULC (4611); and 2654044 Alberta Ltd. (3429). The Foreign Representative's service address for purposes of these Chapter 15 Cases is c/o KPMG Inc., Bay Adelaide Centre, Suite 4600 333 Bay Street, Toronto, Ontario, Canada M5H 2S5.

Representative has filed voluntary petitions for relief under chapter 15 of title 11 of the United States Code (the "Bankruptcy Code") for each of the Debtors commencing these chapter 15 cases (the "Chapter 15 Cases").

2. I submit this declaration (this "Declaration") in support of the (a) *Motion for Provisional Relief in Aid of Canadian Proceeding Pursuant to Section 1519 of the Bankruptcy Code* (the "Provisional Relief Motion") and (b) *Motion for (I) Recognition of Foreign Main Proceeding, (II) Recognition of Foreign Representative and (III) Related Relief under Chapter 15 of the Bankruptcy Code* (the "Recognition Motion" and, together with the Provisional Relief Motion, the "Motions")[2]

3. I am authorized to provide this Declaration on behalf of the Foreign Representative. All facts set forth in this Declaration are based on: (a) my knowledge; (b) my review of relevant documents; (c) my opinion based upon my experience; and/or (d) information provided to me by the Monitors' advisors or the Debtors or their advisors.

4. On November 18, 2025, the Canadian Court entered an interim order (the "Initial CCAA Order").[3] Among other things, the Initial CCAA Order provides (a) for the appointment of KPMG as Monitor; (b) a stay of proceedings against the Debtors (the "Canadian Stay"); and (c) authority for the Monitor or any officer, employee, or representative thereof to act as the Debtors' Foreign Representative in seeking recognition of the Canadian Proceeding in this Court.

---

[2] For the avoidance of doubt, capitalized terms used but not defined herein shall have the meaning given to them in the Motions.

[3] A true and correct copy of the Initial CCAA Order is attached as **Exhibit 1** to the *Declaration of Raj S. Sahni in Support of Verified Petition for (I) Recognition of Foreign Main Proceeding (or, in the Alternative, Foreign Nonmain Proceeding), (II) Recognition of Foreign Representative and (III) Related Relief under Chapter 15 of the Bankruptcy Code* filed contemporaneously herewith.

5. In its capacity as Monitor, KPMG provided to the Canadian Court in the Canadian Proceeding the *Pre-filing Report of the Monitor* (the "Monitor's Report").[4]

6. As detailed in the Motions and the *Declaration of Jason Bednar in Support of (I) Verified Chapter 15 Petitions, (II) Foreign Representative's Motions for Orders Granting Provisional Relief and Final Relief in Aid of CCAA Proceedings, and (III) Certain Related Relief* (the "Bednar Declaration") and the *Declaration of Raj S. Sahni in Support of (I) Verified Chapter 15 Petitions, (II) Foreign Representative's Motions for Orders Granting Provisional Relief and Final Relief in Aid of CCAA Proceedings, and (III) Certain Related Relief* (the "Sahni Declaration"), both filed contemporaneously herewith, I understand that the Canadian Proceeding is a foreign proceeding and the Foreign Representative is a "foreign representative" as those terms are defined in the Bankruptcy Code.

7. It is my understanding, based on Bednar Declaration and information from the Monitor's U.S. counsel, that the Debtors' "center of main interest," as such term is used in section 1502(4) of the Bankruptcy Code, is in Canada. Accordingly, it is my understanding that the Canadian Proceeding is a "foreign main proceeding", as such term is defined in section 1502(4) of the Bankruptcy Code. It is my further understanding that, at a minimum, each of the Debtors have a place of operations in Canada where each Debtor carries out nontransitory economic activities, which I understand is the definition of an "establishment" under section 1502(2) of the Bankruptcy Code. Accordingly, it is my understanding that the Canadian Proceeding is, if not a foreign main proceeding, a "foreign nonmain proceeding" as to any such Debtors with an "establishment" in Canada, as provided in section 1502(5) of the Bankruptcy Code.

---

[4] A true and correct copy of the Monitor's Report is attached hereto as **Exhibit A**.

4932-1413-9770.6 50180.00001

8. By the Provisional Relief Motion, the Foreign Representative seeks from this Court (i) provisional recognition and enforcement in the United States of the Canadian Proceeding; (ii) provisional imposition of the automatic stay of section 362 of the Bankruptcy Code with respect to the Debtors and their property in the United States; (iii) provisional application of section 365(e) of the Bankruptcy Code; and (iv) provisional application of section 361 of the Bankruptcy Code with respect to each of the Debtors and the property of each of the Debtors that is within the territorial jurisdiction of the United States. Based on the facts as set forth in the Bednar Declaration, I believe that if these protections were unavailable, the Debtors could face immediate and irreparable harm resulting from the piecemeal loss of assets as a result of individual creditor collection and enforcement efforts. The Foreign Representative believes that such actions would be detrimental to the Debtors, their creditors, and the prospects of an orderly process through the Canadian Proceeding.

9. Based on my knowledge and understanding of the Debtors' operations and the facts set forth in the Bednar Declaration, the Sahni Declaration, and the Motions, I, on behalf of the Foreign Representative, believe this Court should (i) approve the Motions, (ii) grant the provisional and final relief requested and (iii) recognize and enforce the Canadian Proceeding in the United States.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true and correct to the best of my information and belief.

Executed on this 18th day of November, 2025 in Toronto, Ontario, Canada

/s/ *Katherine Forbes*
Katherine Forbes
Senior Vice President
KPMG Inc.

4932-1413-9770.5 50180.00001