Laura Davis Jones (*pro hac vice* pending)
Steven W. Golden
Mary F. Caloway (*pro hac vice* pending)
PACHULSKI STANG ZIEHL & JONES LLP
1700 Broadway, 36th Floor
New York, New York 10019
Telephone: 212-561-7700
Facsimile:  212-561-7777

*Counsel to the Foreign Representative*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>CANACOL ENERGY LTD.,[1] *et al.*<br><br>Debtors in a Foreign Proceeding. | Chapter 15<br><br>Case No. 25-12572 (DSJ)<br><br>(Joint Administration Requested) |

**FOREIGN REPRESENTATIVE'S *EX PARTE* MOTION FOR
ENTRY OF ORDER SHORTENING THE NOTICE PERIODS FOR EMERGENCY
HEARINGS ON MOTIONS OF FOREIGN REPRESENTATIVE FOR (I) ENTRY OF
AN ORDER GRANTING PROVISIONAL RELIEF, (II) ENTRY OF AN ORDER
GRANTING JOINT ADMINISTRATION OF CHAPTER 15 CASES AND (III)
ENTRY OF AN ORDER SCHEDULING HEARING AND SPECIFYING
THE FORM AND MANNER OF SERVICE OF NOTICE**

KPMG Inc. ("KPMG"), the court-appointed monitor (in such capacity, the "Monitor") and authorized foreign representative (in such capacity, the "Foreign Representative") of the above-captioned debtors (collectively, the "Debtors"), which are the subject of jointly-administered proceedings (the "Canadian Proceeding") under the *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36 (as amended, the "CCAA"), pending before the Court of King's Bench of Alberta (the "Canadian Court"), by and through its undersigned counsel, by

---

[1] The Debtors, along with the last four digits of each Debtor's unique identifier, as applicable, are as follows: Canacol Energy Ltd. (2074); Cantana Energy GmbH (8873); CNE Oil & Gas S.R.L. (9803); Canacol Energy ULC (0350); Shona Holding GmbH (2126); Canacol Energy Colombia S.A.S. (5633); CNE Energy S.A.S (0691); CNE Oil & Gas S.A.S. (6580); 2498003 Alberta ULC (4611); and 2654044 Alberta Ltd. (3429). The Foreign Representative's service address for purposes of these Chapter 15 Cases is c/o KPMG Inc., Bay Adelaide Centre, 333 Bay Street, Suite 4600, Toronto, Ontario, Canada M5H 2S5.

and through its undersigned counsel, respectfully submits this motion (the "Motion to Shorten") requesting entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order") shortening notice with respect to the (a) *Motion for Provisional Relief in Aid of Canadian Proceeding Pursuant to Section 1519 of the Bankruptcy Code* (the "Provisional Relief Motion"), (b) *Motion for Order (I) Directing Joint Administration of Cases Under Chapter 15 of the Bankruptcy Code and (II) Authorizing Foreign Representative to File Consolidated Lists of Information Required by Bankruptcy Rule 1007(a)(4)* (the "Joint Administration Motion"), and (c) *Foreign Representative's Motion for Order Scheduling Recognition Hearing and Specifying the Form and Manner of Service of Notice* (the "Scheduling Motion"). In support of this Motion, the Foreign Representative states as follows:

## BACKGROUND

1. On November 18, 2025 (the "Petition Date"), the Foreign Representative filed voluntary petitions for relief under chapter 15 of title 11 of the United States Code (the "Bankruptcy Code") for each of the Debtors in the United States Bankruptcy Court for the Southern District of New York (the "Court").

2. The relevant factual background is set forth in the *Declaration of Jason Bednar in Support of (I) Verified Chapter 15 Petitions, (II) Foreign Representative's Motions for Orders Granting Provisional and Final Relief in Aid of Canadian Proceeding and (III) Certain Related Relief* (the "Bednar Declaration")[2], filed contemporaneously herewith and fully incorporated herein by reference.

3. As set forth in detail in the Bednar Declaration, absent the imposition of a stay, certain of the Debtors' creditors may take actions (like triggering DACAs and sweeping cash

---

[2] Capitalized terms not otherwise defined herein shall have their meaning as set forth in the Bednar Declaration.

in such accounts) that would irreparably harm the Debtors, not only significantly eroding the value of the Debtors' business (and thus negatively affecting the Debtors' prospects of a successful, value-maximizing restructuring), but would threaten an interruption or shut down of the Debtors' operations and have material consequences on Colombia's grid reliability and generation output. In light of their current situation, the Debtors commenced the Canadian Proceeding followed by these ancillary chapter 15 cases (the "Chapter 15 Cases") seeking this Court's assistance under chapter 15 of the Bankruptcy Code.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 as well as the *Amended Standing Order of Reference* dated January 31, 2012, Reference M-431, *In re Standing Order of Reference Re: Title 11*, 12 Misc. 00032 (S.D.N.Y Feb. 2, 2012) (Preska, CJ). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

5. The Foreign Representative has properly commenced these Chapter 15 Cases under sections 1504 and 1509 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") by the filing of verified petitions for recognition of the Canadian Proceeding with respect to each of the Debtors (the "Verified Petitions") under section 1515 of the Bankruptcy Code.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1410.

7. The statutory predicate for the relief requested herein is rule 9006-(c) of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules").

## RELIEF REQUESTED

8. By this Motion to Shorten, the Foreign Representative seeks entry of the Proposed Order: (a) shortening the notice period with respect to the Provisional Relief

Motion, the Joint Administration Motion, and the Scheduling Motion (collectively, the "Motions"); and (b) scheduling an emergency hearing on the Motions ("Emergency Hearing"). As described in the Motions and the Bednar Declaration, the Debtors seek provisional relief on an emergent basis to, among other things, obtain the benefits of the automatic stay.

## BASIS FOR RELIEF

9.  Bankruptcy Rule 9006(c)(1) authorizes the Court, for cause shown, to reduce notice periods for motions.[3] Cause exists to shorten the notice period for the Provisional Relief Motion. As set forth in the Provisional Relief Motion, provisional relief is urgently needed to avoid irreparable harm to the Debtors. Further, the Court's consideration of the Motions on an expedited basis is imperative because, without the application of the stay and the other requested relief, there is a material risk of individual creditors commencing and continuing individual enforcement actions against the Debtors and their property located in the United States during the period between the Petition Date and the date on which this Court determines whether to recognize the Canadian Proceeding. The relief requested would maximize the Debtors' ability to maintain value for distribution through the Canadian Proceeding.

10. Considering the Motions at the Emergency Hearing is analogous to the Court hearing "first day motions" in cases brought under chapter 11 of the Bankruptcy Code. The relief sought in the Provisional Relief Motion is interim in nature and can only be made final after adequate notice is provided as contemplated by section 1519(e) and Federal Rule of Civil Procedure 65. The relief sought in the Joint Administration Motion and Scheduling

---

[3] Fed. R. Bankr. P. 9006(c)(1) ("[W]hen an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of the court, the court for cause shown may in its discretion with or without motion or notice order the period reduced.").

Motion is procedural in nature and will not prejudice any party. Therefore, in light of the foregoing, cause exists for the Court to hear the Motions on an urgent basis at the Emergency Hearing, as such is necessary to protect the Debtors' assets and to protect the interests of the Debtors' creditors by facilitating a centralized reorganization process pending recognition of the Canadian Proceeding as a foreign main proceeding (or, in the alternative, as a foreign nonmain proceeding).

11. For these reasons, the Foreign Representative respectfully requests that the Court schedule a hearing on the Motions no later than November 20, 2025.

12. Finally, the Foreign Representative requests that the Court grant this Motion to Shorten without notice to third parties.

## NO PRIOR REQUEST

13. No prior request for the relief sought in this Motion has been made to this or any other court.

**WHEREFORE**, the Foreign Representative respectfully requests that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as may be just and proper.

Dated: November 19, 2025                    PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Steven W. Golden*
Laura Davis Jones (*pro hac vice* pending)
Steven W. Golden
Mary F. Caloway (*pro hac vice* pending)
1700 Broadway, 36th Floor
New York, New York 10019
Telephone: 212-561-7700
Facsimile: 212-561-7777

*Counsel to the Foreign Representative*