Laura Davis Jones (*pro hac vice* pending)
Steven W. Golden
Mary F. Caloway (*pro hac vice* pending)
PACHULSKI STANG ZIEHL & JONES LLP
1700 Broadway, 36th Floor
New York, New York 10019
Telephone: 212-561-7700
Facsimile:  212-561-7777

*Counsel to the Foreign Representative*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>CANACOL ENERGY LTD.,[1] *et al.*<br><br>Debtors in a Foreign Proceeding. | Chapter 15<br><br>Case No. 25- 12572 (DSJ)<br><br>(Joint Administration Requested) |

**FOREIGN REPRESENTATIVE'S MOTION FOR**
**ORDER SCHEDULING RECOGNITION HEARING AND**
**SPECIFYING THE FORM AND MANNER OF SERVICE OF NOTICE**

KPMG Inc. ("KPMG"), the court-appointed monitor (in such capacity, the "Monitor") and authorized foreign representative (in such capacity, the "Foreign Representative") of the above-captioned debtors (collectively, the "Debtors"), which are the subject of jointly-administered proceedings (the "Canadian Proceeding") under the *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36 (as amended, the "CCAA"), pending before the Court of King's Bench of Alberta (the "Canadian Court"), by and through its undersigned counsel, respectfully submits this motion (the "Motion") requesting entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"):

---

[1] The Debtors, along with the last four digits of each Debtor's unique identifier, as applicable, are as follows: Canacol Energy Ltd. (2074); Cantana Energy GmbH (8873); CNE Oil & Gas S.R.L. (9803); Canacol Energy ULC (0350); Shona Holding GmbH (2126); Canacol Energy Colombia S.A.S. (5633); CNE Energy S.A.S (0691); CNE Oil & Gas S.A.S. (6580); 2498003 Alberta ULC (4611); and 2654044 Alberta Ltd. (3429). The Foreign Representative's service address for purposes of these Chapter 15 Cases is c/o KPMG Inc., Bay Adelaide Centre, 333 Bay Street, Suite 4600, Toronto, Ontario, Canada M5H 2S5.

1

(a) approving the proposed notice, annexed to the Order as <u>Exhibit 1</u> (the "<u>Recognition Hearing Notice</u>"), which provides parties in interest notice of, among other things, the following:

(i) the Foreign Representative's filing of petitions for recognition under chapter 15 of the Bankruptcy Code (the "<u>Chapter 15 Petitions</u>") and related pleadings, including the *Motion for (I) Recognition of Foreign Main Proceeding (or, in the Alternative, Foreign Nonmain Proceeding), (II) Recognition of Foreign Representative, and (III) Related Relief Under Chapter 15 of the Bankruptcy Code* (the "<u>Recognition Motion</u>");

(ii) the Court's entry of a provisional order (the "<u>Provisional Relief Order</u>") granting the *Motion for Provisional Relief in Aid of Canadian Proceeding Pursuant to Section 1519 of the Bankruptcy Code*;

(iii) the deadline to object to final recognition of the Canadian Proceeding and the Court's entry of an order (the "<u>Final Order</u>") granting the relief sought in the Recognition Motion (including an extension of the relief provided in the Provisional Order) on a final basis (the "<u>Recognition Objection Deadline</u>"); and

(iv) the date, time, and location of the Recognition Hearing (defined below);

(b) scheduling an evidentiary hearing (the "<u>Recognition Hearing</u>") for the Court to consider final recognition of the Canadian Proceeding as a foreign main proceeding (or, in the alternative, a foreign nonmain proceeding) and the other relief sought in the Recognition Motion on a final basis;

(c) approving the manner of service on the Master Service List (as defined below) of the Recognition Hearing Notice;

(d) approving the manner of service on the Core Notice Parties (as defined below) of any pleadings that the Foreign Representative files in these Chapter 15 Cases; and

(e) granting certain related relief.

In support of the Motion, the Foreign Representative respectfully represents as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 as well as the *Amended Standing Order of Reference* dated January 31, 2012, Reference M-431,

*In re Standing Order of Reference Re: Title 11*, 12 Misc. 00032 (S.D.N.Y Feb. 2, 2012) (Preska, CJ) (the "Amended Standing Order"). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

2. Venue is proper pursuant to 28 U.S.C. § 1410.

3. The Foreign Representative has properly commenced these Chapter 15 Cases under sections 1504 and 1509 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") by the filing of verified petitions for recognition of the Canadian Proceeding (the "Verified Petitions") under section 1515 of the Bankruptcy Code

4. The statutory predicates for the relief requested herein are sections 105(a), 1504, 1510, 1514, 1515, 1517, and 1521 of the Bankruptcy Code, rules 2002, 9006, 9007, and 9008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 2002-4 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules").

## BACKGROUND

5. On the date hereof (the "Petition Date"), the Foreign Representative filed petitions for recognition under chapter 15 of the Bankruptcy Code for each of the Debtors in the United States Bankruptcy Court for the Southern District of New York (the "Court") commencing the above-captioned cases (the "Chapter 15 Cases"). A description of the Debtors' business and the events leading up to the commencement of the Canadian Proceeding and these Chapter 15 Cases is included in the *Declaration of Jason Bednar in Support of (I) Verified Chapter 15 Petitions, (II) Foreign Representative's Motions for Orders Granting Provisional and Final Relief in Aid of Canadian Proceeding, and (III) Certain Related Relief* (the "Bednar Declaration"), filed concurrently herewith and fully incorporated herein by reference.

3

**RELIEF REQUESTED**

6. By this Motion, the Foreign Representative respectfully requests that the Court enter the Order: (a) approving the proposed Recognition Hearing Notice, of (i) the filing of the Chapter 15 Petitions and certain related pleadings, including the Recognition Motion, (ii) the Court's entry of the Provisional Relief Order, (iii) the Recognition Objection Deadline, and (iv) the Recognition Hearing; (b) approving the manner of service of the Recognition Hearing Notice on the Master Service List; (c) approving the manner of service of any pleading that the Foreign Representative files in these Chapter 15 Cases on the Core Notice Parties; and (d) granting certain related relief.

A. **Recognition Hearing Notice**

7. Pursuant to Bankruptcy Rule 2002(q), the Foreign Representative proposes to serve the Recognition Hearing Notice by electronic mail to the extent email addresses are available, and otherwise by United States mail or Canadian mail, first class postage prepaid, within three (3) business days following entry of the Order and the Provisional Relief Order, or as soon thereafter as is reasonably practicable, on the following parties (or their counsel, if known): (a) the Debtors; (b) all persons or bodies authorized to administer foreign proceedings of the Debtors; (c) all parties to litigation pending in the United States in which a Debtor is a party at the time of the filing of the Chapter 15 Petitions; (d) all parties against whom provisional relief is being sought under section 1519 of the Bankruptcy Code; (e) Macquarie; (f) Deutsche Bank Trust Company Americas, as Administrative Agent under the Revolving Credit Facility; (g) Citibank, N.A., as Trustee, Security Registrar and Paying Agent under the Indenture; (h) parties that have appeared in the Canadian Proceeding as of the date of service of the relevant pleading or notice; (i) the Office of the United States

4

Trustee for the Southern District of New York (the "U.S. Trustee"); and (j) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Master Service List").

8. In the event any party files a notice of appearance in these cases subsequent to the Foreign Representative's initial service of the Recognition Hearing Notice, but prior to the Recognition Hearing, the Foreign Representative will serve the Recognition Hearing Notice on such party within three (3) business days of the filing of such notice of appearance to the extent the Foreign Representative has not already done so.

9. The Recognition Notice will: (a) notify parties on the Master Service List of the filing of the Chapter 15 Petitions and certain related pleadings in the Chapter 15 Cases, including the Provisional Relief Order, Recognition Motion, and the proposed Recognition Order (collectively, the "Notice Documents"); (b) set forth the Recognition Objection Deadline and the date and time of the Recognition Hearing; (c) notify parties on the Master Service List that copies of the Notice Documents are available and may be examined (i) free of charge at https://kpmg.com/ca/canacol or by contacting the Foreign Representative's U.S. counsel or (ii) downloaded for a fee from the Court's electronic docket at www.nysb.uscourts.gov; (d) provide a telephone number, address, and email address by which parties on the Master Service List may obtain documents filed in these Chapter 15 Cases, including the Notice Documents; and (e) notify parties that, at the Recognition Hearing, the Court may order the scheduling of a case management conference to consider the efficient administration of the Chapter 15 Cases.

10. A condensed form of the Recognition Hearing Notice (without exhibits), substantially in the form attached as Exhibit 2 to the Order (the "Publication Notice"), will

5

be published in the domestic edition of the *Wall Street Journal* or other similar publication. Accordingly, the Foreign Representative respectfully requests that this Court approve the foregoing manner of service of the Notice Documents pursuant to Bankruptcy Rules 2002(m), 2002(q)(1), and 9007

### B. Core Notice Parties

11. The Foreign Representative proposes to serve copies of the Notice Documents and other papers it files in these cases by United States mail or Canadian mail, first class postage prepaid and by electronic mail to the extent email addresses are available, on the following parties, or their counsel, if known: (a) the Debtors; (b) the Monitor; (c) Macquarie; (d) Deutsche Bank Trust Company Americas, as Administrative Agent under the Revolving Credit Facility; (e) Citibank, N.A., as Trustee, Security Registrar and Paying Agent under the Indenture; (f) the U.S. Trustee; and (g) all parties that have requested notice of these proceedings pursuant to Bankruptcy Rule 2002 (collectively, the "Core Notice Parties").

### C. Objections to Chapter 15 Petitions and Recognition Motion.

12. The Foreign Representative further requests that the Court require that objections or responses, if any, to the Chapter 15 Petitions, recognition of the Canadian Proceeding as a foreign main proceeding (or, in the alternative, a foreign nonmain proceeding), or to any of the other relief requested in the Recognition Motion, (i) be in writing; (ii) detail the factual and legal basis for the response or objection; (iii) comply with the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules; and (iv) be filed with the Office of the Clerk of the Court, One Bowling Green, New York, New York 10004, and served upon the following counsel to the Foreign Representative so as to be received at least seven (7) days prior to the Recognition Hearing: Pachulski Stang Ziehl &

Jones LLP, 1700 Broadway, 36th Floor, New York, New York 10019, Attn: Laura Davis Jones (ljones@pszjlaw.com); Steven Golden (sgolden@pszjlaw.com), and Mary Caloway (mcaloway@pszjlaw.com).

### D. Recognition Hearing.

13. The Foreign Representative requests that the evidentiary Recognition Hearing be scheduled on or about December 11, 2025, or as soon thereafter as is convenient for the Court.

## BASIS FOR RELIEF

14. Bankruptcy Rule 2002(q) provides, in pertinent part, that:

> After a petition for recognition of a foreign proceeding is filed, the court must promptly hold a hearing on it. The clerk or the court's designee must promptly give at least 21 days' notice by mail of the hearing to:
>
> - the debtor;
> - all persons or bodies authorized to administer the debtor's foreign proceedings;
> - all entities against whom provisional relief is being sought under § 1519;
> - all parties to litigation pending in the United States in which the debtor was a party when the petition was filed; and
> - any other entities as the court orders.[2]

15. Bankruptcy Rule 2002(q) further requires that the notice state whether the petition seeks recognition as a foreign main proceeding or foreign nonmain proceeding and include a copy of the petition and any other document that the court may require.[3] Local Bankruptcy Rule 2002-4 requires that the notice contain a statement that, at the Recognition

---

[2] Fed. R. Bankr. P. 2002(q)(1)
[3] *Id.*

Hearing, the Court may order the scheduling of a case management conference to consider the efficient administration of the Chapter 15 Cases.[4]

16. Bankruptcy Rules 2002(m) and 9007 provide that when notice is to be given under the Bankruptcy Rules, the court may enter orders designating the form and manner in which such notice shall be given.[5] Further, section 105(a) of the Bankruptcy Code provides the Court with the power to grant the relief requested herein by the Foreign Representative.[6]

17. The Recognition Hearing Notice and the proposed manner of serving the Recognition Hearing Notice and related papers should be approved because they meet the requirements of Bankruptcy Rule 2002(q) and Local Bankruptcy Rule 2002-4. The proposed Master Service List comprises of all the parties required to be served under Bankruptcy Rule 2002(q) (and additional parties not required to be served by that rule), and the Foreign Representative intends to give such parties at least 21 days' notice by mail of the Recognition Hearing as required by the rule. Additionally, the Recognition Hearing Notice states that the Foreign Representative is seeking recognition of the Canadian Proceeding as a foreign main proceeding (or, in the alternative, as a foreign nonmain proceeding) and states that the Court may order the scheduling of a case management conference to consider the efficient administration of the Chapter 15 Cases.

18. In addition, service of the Notice Documents on all parties on the Master Service List, which comprises numerous creditors and other parties in interest, would be an unnecessary cost for the Foreign Representative and the Debtors. Finally, parties on the Master Service List will not be prejudiced by the proposed service herein because the

---

[4] Local Bankruptcy Rule 2002-4.
[5] Fed. R. Bankr. P. 2002(m) and 9007.
[6] *See* 11 U.S.C. § 105(a) (stating that a bankruptcy court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the [Bankruptcy Code]"); *see also* 11 U.S.C. § 103(a) (chapter 1 is applicable in a case under chapter 15).

Recognition Hearing Notice will clearly state where and how the Notice Documents may be obtained free of charge and, to the extent that email addresses are available, the Foreign Representative will incorporate the Notice Documents into the electronic service of the Recognition Hearing Notice. Thus, the form of Recognition Hearing Notice and the manner and timing of service comply with Bankruptcy Rule 2002(q), are appropriate in these Chapter 15 Cases, and should be approved. Courts in this and other districts frequently grant relief similar to that which is requested herein, including limiting notice of all documents filed in chapter 15 cases. *See, e.g., In re Asbestos Corp. Ltd.*, Case No. 25-10934 (MG), Docket No. 10 (Bankr. S.D.N.Y. May 7, 2025); *In re Odebrecht Engenharia e Construção S.A.*, Case No. 25-10482 (MG), Docket No. 9 (Bankr. S.D.N.Y. Mar. 18, 2025); *see also In re Montoux Limited (In Liquidation)*, Case No. 25-10043 (MFW), Docket No. 23 (Bankr. D. Del. Jan. 16, 2025); *In re Rokstad Holdings Corp.*, Case No. 24-12645 (MFW), Docket No. 29 (Bankr. D. Del. Nov. 22, 2024).

### E. Waiver of Requirements of Section 1514(c) of the Bankruptcy Code

19. The Foreign Representative respectfully requests that the Court waive, to the extent applicable, the requirements of section 1514(c) of the Bankruptcy Code, which provides as follows:

> (c) When a notification of commencement of a case is to be given to foreign creditors, such notification shall—
>
> (1) indicate the time period for filing proofs of claim and specify the place for filing such proofs of claim;
>
> (2) indicate whether secured creditors need to file proofs of claim; and
>
> (3) contain any other information required to be included in such notification to creditors under this title and the orders of the court.[7]

---

[7] 11 U.S.C. § 1514(c).

9

20. It is not clear, however, that section 1514 of the Bankruptcy Code has any application in the context of an ancillary case under chapter 15 of the Bankruptcy Code. According to Collier on Bankruptcy, section 1514 of the Bankruptcy Code is the "last in a series of sections dealing with the international aspects of cases under chapters other than chapter 15."[8] Indeed, the requirements for notification set forth in section 1514 are at variance with those requirements set forth under Bankruptcy Rule 2002(q), which clearly applies to a case under chapter 15 and with which the Foreign Representative shall comply.

21. Moreover, section 1514(c) applies only when a "notice of commencement" is issued. Under section 342(a) and Bankruptcy Rule 2002(f), a notice of commencement issues upon the entry of an order for relief. But there is no "order for relief" in a chapter 15 case, nor is there a requirement to issue a notice of commencement as in other chapters under the Bankruptcy Code. Furthermore, section 342 does not apply in chapter 15 cases.[9] Courts in this district have regularly granted this request. *See, e.g.*, *In re Unigel Participações S.A.*, No. 24-11982 (MG), (Bankr. S.D.N.Y. Nov. 18, 2024) (ECF No. 8); *In re Casino, Guichard-Perrachon S.A.*, No. 24-10252 (DSJ) (Bankr. S.D.N.Y. Feb. 16, 2024) (ECF No. 8); *In re China Aoyuan Group Limited*, No. 23-12030 (JPM) (Bankr. S.D.N.Y. Dec. 22, 2023) (ECF No. 9); *In re Digicel Group Holdings Limited*, No. 23-11479 (JPM) (Bankr. S.D.N.Y. Sept. 22, 2023) (ECF No. 11); *In re Americanas S.A.*, No. 23-10092 (MEW) (Bankr. S.D.N.Y. Jan. 27, 2023) (ECF No. 18). For these reasons, the Foreign Representative does not believe that the requirements set forth in section 1514 apply to these cases; however, out of an abundance of caution, the Foreign Representative respectfully requests that, to the extent applicable, the

---

[8] COLLIER ON BANKRUPTCY ¶ 1514.01 (Richard Levin & Henry J. Sommer eds., 16th ed.).
[9] *See* 11 U.S.C. § 103(a) (stating that "sections 307, 362(o), 555 through 557, and 559 through 562 apply in a case under chapter 15").

10

notice requirements of section 1514 of the Bankruptcy Code be waived in these Chapter 15 Cases.

22. In any event, the Foreign Representative does not intend to conduct a claims process in these Chapter 15 Cases; therefore, the requirements of section 1514(c) are not applicable. To the extent that there is a claims process approved by the Canadian Court in the Canadian Proceeding, the Foreign Representative will comply with any relevant orders issued by the Canadian Court with respect to providing notice of any applicable deadlines or procedures for the filing of claims in the Canadian Proceeding.

## **NOTICE**

23. Notice of this Motion will be provided to the Core Notice Parties in accordance with the procedures set forth in this Motion. In light of the nature of the relief requested, the Foreign Representative requests that this Court find that no further notice is required.

## **NO PRIOR REQUEST**

24. No prior request for the relief sought in this Motion has been made to this or any other court.

*[Remainder of page intentionally left blank]*

WHEREFORE, the Foreign Representative respectfully requests that the Court enter the Order, in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as may be just and proper.

| | |
|---|---|
| Dated: November 19, 2025 | PACHULSKI STANG ZIEHL & JONES LLP |
| | */s/ Steven W. Golden* |
| | Laura Davis Jones (*pro hac vice* pending) |
| | Steven W. Golden |
| | Mary F. Caloway (*pro hac vice* pending) |
| | 1700 Broadway, 36th Floor |
| | New York, New York 10019 |
| | Telephone: 212-561-7700 |
| | Facsimile: 212-561-7777 |
| | |
| | *Counsel to the Foreign Representative* |