Laura Davis Jones (*admitted pro hac vice*)
Steven W. Golden
Mary F. Caloway (*admitted pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
1700 Broadway, 36th Floor
New York, New York 10019
Telephone: 212-561-7700
Facsimile: 212-561-7777

*Counsel to the Foreign Representative*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 15 |
| CANACOL ENERGY LTD., *et al.*[1] | Case No. 25-12572 (DSJ) |
| Debtors in a Foreign Proceeding. | (Jointly Administered) |

**FOREIGN REPRESENTATIVE'S *EX PARTE* MOTION FOR
ENTRY OF ORDER SHORTENING THE NOTICE PERIODS FOR FOREIGN
REPRESENTATIVE'S EMERGENCY MOTION FOR ORDER RECOGNIZING AND
ENFORCING SECOND AMENDED AND RESTATED INITIAL ORDER INCLUDING
DIP FINANCING AUTHORIZED THEREUNDER**

KPMG Inc., in its capacity as the court-appointed monitor (in such capacity, the "Monitor") and the authorized foreign representative (the "Foreign Representative") of the above-captioned foreign debtors (collectively, the "Debtors"), which are the subject of jointly-administered proceedings (collectively, the "Canadian Proceeding") under the Companies' Creditors Arrangement Act, R.S.C. 1985, c. C-36 (as amended, the "CCAA") before the Court of King's Bench of Alberta (the "Canadian Court"), by and through its undersigned counsel,

---

[1] The Debtors, along with the last four digits of each Debtor's unique identifier, as applicable, are as follows: Canacol Energy Ltd. (2074); Cantana Energy GmbH (8873); CNE Oil & Gas S.R.L. (9803); Canacol Energy ULC (0350); Shona Holding GmbH (2126); Canacol Energy Colombia S.A.S. (5633); CNE Energy S.A.S (0691); CNE Oil & Gas S.A.S. (6580); 2498003 Alberta ULC (4611); and 2654044 Alberta Ltd. (3429). The Foreign Representative's service address for purposes of these Chapter 15 Cases is c/o KPMG Inc., Bay Adelaide Centre, Suite 4600 333 Bay Street, Toronto, Ontario, Canada M5H 2S5.

respectfully submits this motion (the "Motion to Shorten") requesting entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order") shortening notice with respect to the *Foreign Representative's Emergency Motion for Order Recognizing and Enforcing Second Amended and Restated Initial Order Including DIP Financing Authorized Thereunder* (the "SARIO Recognition Motion"). In support of this Motion to Shorten, the Foreign Representative states as follows:

**BACKGROUND**

1. On November 18, 2025 (the "Petition Date"), the Foreign Representative filed voluntary petitions (the "Petitions") for relief under chapter 15 of title 11 of the United States Code (the "Bankruptcy Code") for each of the Debtors in the United States Bankruptcy Court for the Southern District of New York (the "Court"). A hearing to consider final recognition of the Petitions is scheduled for December 11, 2025.

2. The relevant factual background regarding the Debtors, the Canadian Processing and the commencement of these Chapter 15 Cases is set forth in the *Declaration of Jason Bednar in Support of (I) Verified Chapter 15 Petitions, (II) Foreign Representative's Motions for Orders Granting Provisional and Final Relief in Aid of Canadian Proceeding and (III) Certain Related Relief* [Docket No. 6] (the "Initial Bednar Declaration"), filed contemporaneously with the Petitions and fully incorporated herein by reference.

1. On the date hereof, the Debtors filed the SARIO Recognition Motion and the *Declaration of Jason Bednar in Support of Foreign Representative's Emergency Motion for Order Recognizing and Enforcing Second Amended and Restated Initial Order Including DIP Financing Authorized Thereunder* (the "Bednar SARIO Declaration")[2]. As set forth in detail in the in the

---

[2] Capitalized terms not otherwise defined herein shall have their meaning as set forth in the Bednar SARIO

SARIO Recognition Motion and the Bednar SARIO Declaration, the Debtors are facing a severe liquidity crisis. They require DIP Financing in the very short term in order to maintain their oil and gas production operations. The failure of the Debtors to obtain financing immediately would not only destroy any prospect of a successful restructuring but additionally result in a cascading material impairment to their ability to sustain their critical and substantial supply of natural gas to the Colombian power grid.

2. Following a DIP Solicitation Process in the Canadian Proceeding, the Debtors have selected a DIP proposal from an ad hoc group of their existing bondholders (the "<u>DIP Lenders</u>"). The Debtors have requested that the Canadian Court enter a *Second Amended and Restated Initial Order* (the "<u>SARIO</u>"), which includes approval of the DIP Financing. The Canadian Court has scheduled a hearing on the SARIO for December 10, 2025, at which time the Foreign Representative anticipates the Canadian Court will grant the SARIO.

3. The terms of the DIP Financing require entry of an order from this Court recognizing and enforcing the SARIO, including the DIP Financing approved thereunder, by December 19, 2005. Accordingly, the Foreign Representative seeks an order shortening notice of the SARIO Recognition Motion.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 as well as the *Amended Standing Order of Reference* dated January 31, 2012, Reference M-431, *In re Standing Order of Reference Re: Title 11*, 12 Misc. 00032 (S.D.N.Y Feb. 2, 2012) (Preska, CJ). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

---

Declaration.

4. Venue is proper under 28 U.S.C. § 1410 because each of the Debtors' principal assets in the United States are located within the Southern District of New York.

5. The statutory predicate for the relief requested herein is section 105(a) of the Bankruptcy Code, Bankruptcy Rules 9006(c) and 9007, and Local Rules 9006-1(b) and 9077-1.

## RELIEF REQUESTED

6. By this Motion to Shorten, the Foreign Representative seeks entry of the Proposed Order: (a) shortening the notice period with respect to the SARIO Recognition Motion; and (b) scheduling an emergency hearing on the SARIO Recognition Motion on December 18, 2025 at 10:00 a.m. (the "Emergency Hearing"). As described in the SARIO Recognition Motion and the Bednar SARIO Declaration, the Debtors seek recognition and enforcement of the SARIO in the United States before December 19, 2025.

## BASIS FOR RELIEF

7. Bankruptcy Rule 9006(c)(1) authorizes the Court, for cause shown, to reduce notice periods for motions. Bankruptcy Rule 9006(c) provides that the Court, for cause shown, may in its discretion (with or without motion or notice) reduce a notice period. *See* Fed. R. Bankr. P. 9006(c) ("[W]hen an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced."); *see also* Local Rule 9006-1(b) (providing that "except as otherwise ordered by the Court," motions shall be served at least fourteen days before the return date unless otherwise required by the Bankruptcy Rules). In addition, pursuant to Bankruptcy Rule 9007, the Court has authority to regulate the time within which, the entities to whom, and the form and manner in which notice

is provided. Accordingly, this Court has the authority to determine appropriate notice for conducting a hearing on the matters presented by the SARIO Recognition Motion.

8. Cause exists to shorten the notice period for the SARIO Recognition Motion. As set forth in the SARIO Recognition Motion, relief is urgently needed to avoid irreparable harm to the Debtors. Further, the Court's consideration of the SARIO Recognition Motion on an expedited basis is imperative because, without access to the DIP Financing anticipated to be approved by the Canadian Court on December 10, 2025, the Debtors will run out of cash and lack the ability to continue their operations.

9. For these reasons, the Foreign Representative respectfully requests that the Court schedule the Emergency Hearing for December 18, 2025 at 10:00 a.m.

10. The Foreign Representative requests that the Court grant this Motion to Shorten without notice to third parties. The Foreign Representative will provide notice of the Emergency Hearing to parties in interest via email or overnight mail.

## NO PRIOR REQUEST

11. No prior request for the relief sought in this Motion has been made to this or any other court.

[*Remainder of Page Intentionally Blank*]

WHEREFORE, the Foreign Representative respectfully requests that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as may be just and proper.

| | |
|---|---|
| Dated: December 9, 2025 | PACHULSKI STANG ZIEHL & JONES LLP |
| | |
| | */s/ Laura Davis Jones* |
| | Laura Davis Jones (*admitted pro hac vice*) |
| | Steven W. Golden |
| | Mary F. Caloway (*admitted pro hac vice*) |
| | 1700 Broadway, 36th Floor |
| | New York, New York 10019 |
| | Telephone: 212-561-7700 |
| | Facsimile: 212-561-7777 |
| | |
| | *Counsel to the Foreign Representative* |