SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
James J. Mazza, Jr. (*pro hac vice* admission pending)
Justin M. Winerman (*pro hac vice* admission pending)
320 S. Canal Street
Chicago, Illinois 60606-5707
Telephone: (312) 407-0700
Facsimile: (312) 407-0411

-and-

Eric H. Silverstein (*pro hac vice* admission pending)
One Manhattan West
New York, New York 10001
Telephone: (212) 735-3000
Facsimile: (212) 735-2000

*Counsel to Macquarie Bank Ltd.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re* | Chapter 15 |
| **CANACOL ENERGY LTD.,**[1] | Case No. 25-12572 (DSJ) |
| **Debtors in a Foreign Proceeding.** | (Jointly Administered) |

**LIMITED OBJECTION AND
RESERVATION OF RIGHTS OF
MACQUARIE BANK LTD. IN CONNECTION
WITH FOREIGN REPRESENTATIVE'S EMERGENCY
MOTION FOR ORDER RECOGNIZING AND ENFORCING
SECOND AMENDED AND RESTATED INITIAL ORDER
INCLUDING DIP FINANCING AUTHORIZED THEREUNDER**

---

[1] The Debtors, along with the last four digits of each Debtor's unique identifier, as applicable, are as follows: Canacol Energy Ltd. (2074); Cantana Energy GmbH (8873); CNE Oil & Gas S.R.L. (9803); Canacol Energy ULC (0350); Shona Holding GmbH (2126); Canacol Energy Colombia S.A.S. (5633); CNE Energy S.A.S (0691); CNE Oil & Gas S.A.S. (6580); 2498003 Alberta ULC (4611); and 2654044 Alberta Ltd. (3429). The Foreign Representative's service address for purposes of these Chapter 15 Cases is c/o KPMG Inc., Bay Adelaide Centre, Suite 4600 333 Bay Street, Toronto, Ontario, Canada M5H 2S5

Macquarie Bank Ltd. ("**Macquarie**") hereby submits this limited objection and reservation of rights (this "**Limited Objection**") to the *Foreign Representative's Emergency Motion for Order Recognizing and Enforcing Second Amended and Restated Initial Order Including DIP Financing Authorized Thereunder* [Docket No. 35] (the "**Canacol DIP Recognition Motion**")[2] filed by the Foreign Representative of the above-captioned foreign Debtors. In support of this Limited Objection, Macquarie, through its undersigned counsel, respectfully represents as follows:

## LIMITED OBJECTION AND RESERVATION OF RIGHTS

1.  Macquarie is the senior secured creditor of the Debtors pursuant to a secured term loan (the "**Term Loan**") for a maximum amount of $75,000,000. Macquarie is currently owed approximately $40,000,000. As security for the Term Loan, the Debtors, as applicable, executed U.S. and Colombian collateral documents, which gave Macquarie (i) a first-priority security interest against the Debtors' assets in Colombia, (ii) springing control over certain U.S. and Colombian collection accounts pursuant to the deposit control account agreements, and (iii) pledges of the shares of the Debtors' key Colombian and Panamanian subsidiaries. This security package gave Macquarie a first-ranking security interest over all material assets of the Debtors, including all of their natural gas and crude oil development projects and production assets in Colombia. This senior secured priority position over all key assets of the Debtors' located in Colombia was a critical factor in Macquarie's decision to provide the Term Loan.

2.  The Debtors' core business centers on discovering, producing, and selling natural gas in northern Colombia. The Debtors' primary operating company is its Colombian subsidiary,

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Canacol DIP Recognition Motion.

CNE O&G Colombia, its customers are all based in Colombia and 352 of its 381 full-time employees are employed in Colombia. All of the Debtors' material assets and collateral are located in Colombia.

3.  The Canacol DIP Recognition Motion seeks, among other things, recognition and enforcement of the Canadian Court's *Second Amended and Restated Initial Order* (the "**SARIO**"), under which the Canadian Court granted a DIP Lenders' Charge over the Debtors' Property. In particular, under the proposed order attached as Exhibit A to the Canacol DIP Recognition Motion (the "**Proposed Order**"), the Foreign Representative seeks to have this Court recognize and enforce "the SARIO, including the authorization of DIP Financing thereunder," in the United States "with respect to the Debtors' property that now or in the future is located within the territorial jurisdiction of the United States." Proposed Order ¶ 3.

4.  On December 11, 2025, the Canadian Court granted the SARIO. In so ruling, however, the Canadian Court expressed deference to the Colombian Court with respect to collateral located in Colombia, including whether a priming lien was permissible under Colombian law. In particular, in giving its reasons for approval of the SARIO, the Canadian Court acknowledged that "Macquarie's argument that a priming charge for the DIP lender in a Canadian Court order would be overreach in [Colombia] is . . . a decision for the [Colombian] Court or authority to make." Hr'g Tr. at 10:11–10:14. The Canadian Court also stated that: "whether Macquarie's interpretation of [Colombian] law is correct or not is not a proper question for [the Canadian] Court. In effect, although counsel for Macquarie and I disagree on this point, I would be applying [Colombian] law because the reason I would be denying approval of the DIP loan is because of [Colombian] law, and that is something I say is strictly within the purview of the [Colombian] Court or authority to decide." *Id.* at 10:3–10:7.

3

5. To that end, Macquarie, through its Colombian counsel, in Colombia, will be submitting an objection to, among other things, the priming of Macquarie's liens with respect to the Colombian collateral.[3]

6. Previously, the Monitor as Foreign Representative of the Debtors had sought on an *ex parte* basis various interim measures and orders from the Superintendency of Companies in Colombia (the "**Superintendency**"). While the Superintendency granted certain relief, it abstained from granting other requested interim measures including the Debtors' request to maintain control over certain bank accounts, which are subject to a control agreement registered in the Colombian registry of secured transactions (the "**Macquarie Secured Accounts**").[4]

7. The Order of the Superintendency, dated December 11, 2025 (the "**Colombian Order**")[5] also specifically refrained from authorizing the Debtors to modify, cancel or affect the rights of Macquarie as secured creditor or from disposing of Macquarie's collateral without the consent of Macquarie. Macquarie has not provided any consent.

8. To that end, Macquarie sent a letter on December 12, 2025 to the Debtors and the Monitor stating, among other things, that the Debtors and the Monitor represented to the Canadian Court in filings and in oral submissions that nothing in the CCAA proceedings nor the relief sought from the Canadian Court by the Debtors was intended to affect the jurisdiction of the Superintendency or of any proceedings in Colombia, and that Macquarie expected the Debtors and the Monitor to respect the Colombian Order and not take any steps contrary to it.

---

[3] In the objection, given, among other things, that the Debtors' main assets and operations are in Colombia, Macquarie's Colombian counsel also intends to argue that the Debtors' center of main interests is in Colombia.

[4] The Macquarie Secured Accounts are described more fully in **Exhibit A** (the "**Non-Consent Letter**") attached hereto.

[5] The Colombian Order and a copy of an unofficial translation of the Colombian Order are attached as exhibits to the Non-Consent Letter.

4

Moreover, the Superintendency could issue restrictions in connection with revenues flowing from Columbian entities to the Debtors' bank accounts in the United States, including Macquarie Secured Accounts located in the United States, and any such restrictions should be recognized by this Court.

9. Accordingly, any order of this Court recognizing relief in Canada should expressly state: "Nothing in this Order shall (nor shall be deemed to) determine issues of Colombian law (including the permissibility of priming liens over the Colombian assets, which is strictly within the purview of a Colombian court of competent jurisdiction or other applicable Colombian authority (the "**Colombian Court**") to decide) or conflict with any order of a Colombian Court with respect to assets in Colombia." The inclusion of such language in the Proposed Order would conform with the reasoning of the Canadian Court and avoid potential cross-border inconsistencies.

## RESERVATION OF RIGHTS

10. Macquarie expressly reserves its right to (a) amend or supplement this Limited Objection and otherwise take any additional or further action with respect to the subject matter hereof and (b) be heard before this Court to raise additional arguments or issues in connection therewith. Nothing herein is intended to nor shall be construed as a waiver or limitation of the rights or remedies of Macquarie, all of which are fully preserved.

*[Remainder of Page Intentionally Left Blank]*

Dated: December 17, 2025
       Chicago, Illinois

                SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

                */s/ James J. Mazza, Jr.*
                James J. Mazza, Jr. (*pro hac vice* admission pending)
                Justin M. Winerman (*pro hac vice* admission pending)
                320 S. Canal Street
                Chicago, Illinois 60606-5707
                Telephone: (312) 407-0700
                Facsimile: (312) 407-0411

                -and-

                Eric H. Silverstein (*pro hac vice* admission pending)
                One Manhattan West
                New York, New York 10001
                Telephone: (212) 735-3000
                Facsimile: (212) 735-2000

                *Counsel to Macquarie Bank Ltd.*