# EXHIBIT A

## Non-Consent Letter

# Goodmans LLP

Barristers & Solicitors

Bay Adelaide Centre
333 Bay Street, Suite 3400
Toronto, Ontario  M5H 2S7

Telephone: 416.979.2211
Facsimile: 416.979.1234
goodmans.ca

Direct Line: 416.597.4216
jpasquariello@goodmans.ca

December 12, 2025

Gowling WLG                          Bennett Jones LLP
1 First Canadian Place               3400 One First Canadian Place
100 King Street West Suite 1600      P.O. Box 130
Toronto, ON  M5X 1G5                 Toronto, ON  M5X 1A4

**Attention:  Clifton P. Prophet**     **Attention:  Raj S. Sahni**

Dear Sirs:

**Re:   CCAA Proceedings of Canacol Energy Ltd. et al (collectively, the "Canacol Group" or the "Company")**

On behalf of Macquarie Bank Ltd. ("**Macquarie**"), secured senior creditor of the Canacol Group, we write to you further to the Order of the Superintendency of Companies (the "**Superintendency**") dated December 11, 2025 (the "**Colombian Order**"), a copy of which is attached along with a copy of an unofficial translation of the Order.

In connection with the proceedings commenced by the Monitor as foreign representative of the Canacol Group with the Superintendency on or about November 27, 2025, the Monitor sought various interim measures and orders from the Superintendency on an *ex parte* basis pending the Monitor's request for recognition by the Superintendency of the Canacol Group's CCAA proceedings. In considering the requests of the Monitor, the Superintendency rejected the Monitor's requested relief relating to Macquarie's security and collateral. In particular, **the following Monitor's request was rejected by the Superintendency by terms of the Colombian Order**:

*To order that the following bank accounts, which are subject to a control agreement registered in the registry of secured transactions, be kept under the control of the Debtors and their resources be used to pay the required operating expenses and administration expenses of the Debtors, since they are resources necessary to cover expenses such as: payroll, strategic suppliers, ordinary operating expenses, taxes:*

- Current Account, No. 482869995316 of Banco Davivienda S.A. in the name of Canacol Energy Colombia S.A.S.;
- Savings Account, No. 482800005274 of Banco Davivienda S.A.; in the name of CNE Oil & Gas S.A.S.;
- Current Account, No. 001169996129 of Banco Davivienda S.A. in the name of CNE Oil & Gas S.A.S.;
- Current Account, No. 008969992620 of Banco Davivienda S.A. in the name of CNEOG Colombia Sucursal Colombia;
- Current Account, No. 291-81962-1 of Banco Occidente S.A. in the name of CNEOG Colombia Sucursal Colombia;

# Goodmans LLP

- Savings account, No. 291-81961-3 of Banco Occidente S.A. in the name of CNEOG Colombia Sucursal Colombia;
- Deposit accounts at Citibank N.A. No. 36277079 in the name of Canacol Energy Colombia S.A.S.;
- Deposit accounts at Citibank N.A. No. 36279111 in the name of CNE Oil & Gas S.A.S.;
- Deposit accounts at Citibank N.A. No. 36450329 in the name of CNEOG Colombia Sucursal Colombia;

(collectivey, the "**Macquarie Secured Accounts**")

Instead, the Colombian Order abstains from granting the requested interim measure to maintain control over the Macquarie Secured Accounts. Therefore, the Canacol Group may not access or utilize any monies in any of the Macquarie Secured Accounts without the consent of Macquarie as secured creditor:

> 24. Thus, in order for this [Office] to authorize the delivery to the bankrupt party of the monies that rest in the accounts that are subject to the control of the Debtors and its resources are used to pay the required operating expenses and administration expenses of the Debtors, the acceptance of the secured creditor must be submitted, with respect to said measure, in the terms indicated.

In paragraphs 25-27 of the Colombian Order, the Superintendency also held that the Canacol Group is prevented from modifying, cancelling or affecting the rights of Macquarie as secured creditor or from disposing of Macquarie's collateral without the consent of Macquarie. **Macquarie does not consent to any of the foregoing**.

In addition, we hereby put each company within the Canacol Group and the Monitor in such capacity and as Foreign Representative, on notice that **Macquarie does not consent to any withdrawl or transfer or use of monies from any of the Macquarie Secured Accounts for any reason whatsoever** and therefore pursuant to the Colombian Order, no monies are to be withdrawn or in any way transferred out of any of the Macquarie Secured Accounts for any reason whatsoever and, without limitation, shall not be utilized to pay for any operating expenses or administration expenses of any of the companies within the Canacol Group.

As both the Canacol Group and the Monitor represented to the CCAA Court in filings and in oral submissions that nothing in the CCAA proceedings nor the relief sought from the CCAA Court by the Canacol Group was intended to affect the jurisdiction of the Superintendency or of any proceedings in Colombia, Macquarie fully expects each company within the Canacol Group and the Monitor in such capacity and as Foreign Representative to respect the Colombian Order and not to take any steps contrary to it.

To the extent that any company within the Canacol Group or the Monitor in such capacity or as Foreign Representative takes any steps or actions in contravention to any of the matters raised above or counter to the terms of the Colombian Order, Macquarie hereby reserves any and all of its rights in respect thereto, including without limitation, to seek specific performance and/or liquidated damages as well as costs (including legal costs) in connection therewith.

# Goodmans LLP

To the extent the Monitor in such capacity or as Foreign Representative or any company within the Canacol Group files any further materials in any Colombian proceedings, including with the Superintendency, we expect and request that those filings will be on notice to and copies provided to us and to Macquarie's Colombian counsel.

Yours truly,

**Goodmans LLP**

Joseph Pasquariello
JP/

Encl.

cc: Paul van Eyk, *KPMG Inc.*, Monitor
    Robert Chadwick, *Goodmans LLP*

1397-8164-0218





**Superintendencia de Sociedades**

| | |
|---|---|
| | AL CONTESTAR CITE: 2025-01-844296 |

TIPO: INTERNA                                    FECHA: 11-12-2025 14:07:32
TRAMITE: 16024-MEDIDAS CAUTELARES (DECRETA, PRÁCTICA, LEVANTA,
SOCIEDAD: 830095563 - CANACOL ENERGY COLOMBIA SAS EN REORGANIZA
REMITENTE: 400 - DELEGATURA PARA  PROCEDIMIENTOS DE INSOLVENCIA

TIPO DOCUMENTAL: Auto
CONSECUTIVO: 400-027544
FOLIOS: 8                                                    ANEXOS: NO

# Auto

### SUPERINTENDENCIA DE SOCIEDADES

**Sujetos**
Canacol Energy Colombia S.A.S,
CNE Oil & Gas S.A.S.,
Cantana Energy Sucursal Colombia y
Cneog Colombia Sucursal Colombia

**Asunto**
Decreta medida provisional, Art. 102 Ley 1116 de 2006

**Expediente**
40197

## I. ANTECEDENTES

1. Con memorial 2025-01-817952 del 27 de noviembre de 2025, KPMG INC, entidad designada como representante extranjero del proceso de reorganización principal de la sociedad matriz Canacol Energy LTD, y sus subsidiarias directas e indirectas Alberta LTD, Canacol Energy ULC, Alberta ULC, Cantana Energy GMBH, Cne Oil & Gas S.R.L, Canacol Energy Colombia S.A.S, Shona Holding GMBH, Cne Energy S.A.S., y Cne Oil & Gas S.A.S, proceso abierto y decretado por la Honorable Corte del Tribunal del Rey de Alberta del Centro Judicial de Calgary, Canadá (*Court of King's Bench of Alberta of the Judicial Centre of Calgary, Canada*), regulado bajo la *Companies' Creditors Arrangement Act* (CCAA), de conformidad con la Orden Inicial, solicitó:

   (i) El reconocimiento en Colombia del Proceso de insolvencia extranjero, de las sociedades referidas, en virtud de lo dispuesto en el Título III de la Ley 1116 de 2006,

   (ii) Reconocer a KPMG INC., en su condición de Monitor y Representante Extranjero del procedimiento principal canadiense conforme al CCAA, debidamente designado por la Honorable Corte del Tribunal del Rey de Alberta del Centro Judicial de Calgary, Canadá, para administrar los activos y pasivos de las deudoras,

   (iii) Medidas provisionales urgentes, de conformidad con lo establecido en el artículo 102 de la Ley 1116 de 2006,

   (iv) Medidas automáticas a partir del reconocimiento del Proceso Extranjero Principal de las deudoras, de conformidad con lo dispuesto en el artículo 105 del Estatuto Concursal,

   (v) Medidas otorgables a partir del reconocimiento del Proceso Extranjero, en los términos del artículo 106 del Estatuto Concursal.

2. Con memorial 2025-01-841337 del 10 de diciembre de 2025, KPMG INC. allegó la sustitución del poder conferido al profesional que venía ejerciendo su representación ante esta Superintendencia y envió información adicional sobre el proceso extranjero de las deudoras, en los términos del artículo 104 de la Ley 1116 de 2006.

3. Particularmente, KPMG INC. informó al Despacho que, en el marco del proceso extranjero de las Deudoras, el 28 de noviembre de 2025, la Corte


Resolución Firma Digital 2025-01-149411
%33Í9140-cб3Í-97 P0-C63f-9140

En la Superintendencia de Sociedades trabajamos para promover
empresas innovadoras, productivas y sostenibles.
**www.supersociedades.gov.co**
**webmaster@supersociedades.gov.co**
Línea única de atención al ciudadano: 01-8000 - 11 43 10
Tel Bogotá: (601) 2201000
Colombia

   



**Superintendencia
de Sociedades**

de Alberta, Canadá (*Court of King´s Bench of Alberta*) emitió una providencia ratificando y adicionando la Orden Inicial.

4. Con memorial 2025-01-841342 del 10 de noviembre de 2025, KPMG INC. presentó un alcance a la solicitud de reconocimiento presentada con memorial 2025-01-817952 del 27 de noviembre de 2025, con el objeto de precisar asuntos sustanciales frente a la solicitud de reconocimiento y sustituir la solicitud de medidas provisionales presentadas con la solicitud inicial, así como las medidas a partir del reconocimiento para que, en su lugar, se decreten las siguientes:

4.1 Ordenar que no puedan admitirse ni continuarse demandas de ejecución o cualquier otro tipo de proceso de cobro en contra de las Deudoras, incluyendo procesos de ejecución de garantías reales y mobiliarias.

4.2 Ordenar que las actuaciones hechas en contravención de lo previsto en la orden anterior se tengan como nulas y el funcionario que las adelante incurra en causal de mala conducta.

4.3 Ordenar la suspensión de todo proceso de ejecución contra los bienes de las Deudoras (incluyendo, sin limitarse, a procesos de ejecución de garantías mobiliarias) procesos de y/o suspender cualquier medida que se encuentre en trámite que impida a las Deudoras continuar con su operación dentro del giro ordinario de sus negocios, o la dificulte.

4.4 Ordenar que las diez (10) cuentas bancarias relacionadas, que están sujetas a un acuerdo de control registrado en el registro de garantías mobiliarias, se mantengan bajo el control de las Deudoras y sus recursos se destinen a pagar los gastos requeridos de operación y gastos de administración de las Deudoras, toda vez que se trata de recursos necesarios para sufragar gastos como, nómina, proveedores estratégicos, gastos de operación ordinarios e impuestos.

4.5 Ordenar que las cuentas bancarias relacionadas a favor de Canacol Energy Colombia SAS, CNE Oil & Gas S.A.S., CNEOG Colombia - Sucursal Colombia (ADA) y Cantana Energy Sucursal Colombia se mantengan bajo el control de las Deudoras y que sus recursos se destinen a pagar los gastos requeridos de operación y gastos de administración de las Deudoras, toda vez que se trata de recursos necesarios para sufragar gastos como, nómina, proveedores estratégicos, gastos de operación ordinarios e impuestos.

4.6 Ordenar que no se pueda decretar la terminación unilateral de ningún contrato de las Deudoras, especialmente, los celebrados con la Agencia Nacional de Hidrocarburos y la sociedad Hocol SA que allí describió.

4.7 Prohibir la ejecución de garantías reales de las Deudoras, en particular las que adujo enlistar en el Anexo 5.9 de la Solicitud de Reconocimiento.

4.8 Otorgar prioridad en el pago de los honorarios, sobre todos los demás gastos, pagos de intereses y gravámenes, con el fin de asegurar las obligaciones derivadas de los honorarios y gastos incurridos para poder adelantar el referido proceso del Representante Extranjero, como sus abogados y los abogados de las Deudoras


Resolución Firma Digital 2025-01-148411
%63-9140-c63f-91f0-c63f-9140

En la Superintendencia de Sociedades trabajamos para promover
empresas innovadoras, productivas y sostenibles.
**www.supersociedades.gov.co**
webmaster@supersociedades.gov.co
Línea única de atención al ciudadano: 01-8000 - 11 43 10
Tel Bogotá: (601) 2201000
Colombia

   



**Superintendencia
de Sociedades**

5. En sustento de las medidas provisionales solicitadas, KPMG INC. indicó que las medidas eran urgentes y necesarias para la protección de los activos de las Deudoras, frente a eventuales embargos o ejecuciones individuales que comprometan la continuidad del negocio, garantizar la operación y el flujo de ingresos, evitando la parálisis derivada de falta de liquidez. Por lo que, en caso de no adoptarse, se podría incrementar el riesgo de deterioro patrimonial y de interrupción de operaciones de las Deudoras. Lo anterior, no afectaría derechos de terceros más allá de lo estrictamente necesario para cumplir la finalidad del proceso.

## II.   CONSIDERACIONES DEL DESPACHO

6. Conforme a lo expuesto en los antecedentes, el Despacho se pronunciará en primer lugar sobre la solicitud de medidas provisionales urgentes y posteriormente frente a la solicitud de reconocimiento del proceso extranjero, así como de las medidas consecuentes a la misma en el siguiente sentido.

### Solicitud de medidas provisionales urgentes

7. Frente a la solicitud encaminada a decretar las medidas provisionales, el artículo 102 de la Ley 1116 de 2006 establece que, desde la presentación de una solicitud de reconocimiento hasta su resolución, la autoridad colombiana competente podrá otorgar medidas provisionales a instancia del representante extranjero y cuando las medidas sean necesarias y urgentes para proteger los bienes del deudor o los intereses de los acreedores.

8. Así, una solicitud de medidas provisionales requiere el cumplimiento de dos elementos: (i) solicitud efectuada por el representante extranjero; (ii) que se acredite que las medidas son necesarias y urgentes para proteger los bienes del deudor y sus acreedores.

9. Con lo anterior, la disposición citada advierte que, para la adopción de las medidas mencionadas, deberán observarse, en lo procedente, las disposiciones del Código de Procedimiento Civil – Hoy Código General del Proceso- relativas a las medidas cautelares.

10. Sobre el decreto de estas medidas, el artículo 590 del Código General del Proceso establece que el decreto de estas medidas se ordenará con el objeto de prevenir la existencia de la amenaza o la vulneración del derecho que se persigue en la actuación judicial.

11. Así mismo, para el acceso a estas medidas se debe observar la apariencia de buen derecho, como también la necesidad, efectividad y proporcionalidad de la medida. No obstante, el decreto de estas medidas no puede ser indefinidas y, consecuentemente, el Juez debe establecer su alcance y duración.

12. En el caso bajo estudio, KPMG INC, en su condición de representante extranjero solicitó decretar las medidas provisionales referidas en el numeral 4 de los antecedentes con el objeto de proteger los activos de las Deudoras, frente a eventuales embargos o ejecuciones individuales que comprometen la continuidad del negocio, garantizar la operación y el flujo de ingresos, evitando la parálisis derivada de falta de liquidez de las Compañías.


Resolución Sin Firma Digital 2025-01-148411
%3d-9140-c83f-9df1P0-c-C3f-9140

En la Superintendencia de Sociedades trabajamos para promover
empresas innovadoras, productivas y sostenibles.
www.supersociedades.gov.co
webmaster@supersociedades.gov.co
Línea única de atención al ciudadano: 01-8000 - 11 43 10
Tel Bogotá: (601) 2201000
Colombia

    



**Superintendencia de Sociedades**

Auto
2025-01-844296
CANACOL ENERGY COLOMBIA SAS EN REORGANIZACION

13. En el presente caso, estima el Despacho pertinente acceder a las medidas provisionales solicitadas por el Representante Extranjero, que a continuación se relacionan:

a) *Ordenar que no puedan admitirse ni continuarse demandas de ejecución o cualquier otro tipo de proceso de cobro en contra de las Deudoras, incluyendo procesos de ejecución de garantías reales y mobiliarias.*

b) *Ordenar que las actuaciones hechas en contravención de lo previsto en el literal (a) anterior se tengan como nulas y el funcionario que las adelante incurra en causal de mala conducta.*

c) *Ordenar la suspensión de todo proceso de ejecución contra los bienes de las Deudoras (incluyendo, sin limitarse, a procesos de ejecución de garantías mobiliarias) procesos de y/o suspender cualquier medida que se encuentre en trámite que impida a las Deudoras continuar con su operación dentro del giro ordinario de sus negocios, o la dificulte.*

e) *Ordenar que las siguientes cuentas bancarias se mantengan bajo el control de las Deudoras y que sus recursos se destinen a pagar los gastos requeridos de operación y gastos de administración de las Deudoras, toda vez que se trata de recursos necesarios para sufragar gastos como, nómina, proveedores estratégicos, gastos de operación ordinarios, impuestos:*

| Empresa | Banco | No. de Cuenta |
|---|---|---|
| **Canacol Energy** | Davivienda - Ahorro | 482800005282 |
| **Canacol Energy** | Corredores Davivienda - Fondo de Inversión Colectiva | 830095563-1-I-A1 |
| **Canacol Energy** | Santander - Ahorro | 100014211 |
| **Canacol Energy** | Credicorp Capital - Fondo de Inversión Colectiva Fonval | 1-1-56422-9 |
| **Canacol Energy** | Banco de Occidente Cuenta Corriente | 263-04375-9 |
| **Canacol Energy** | Banco Occidente - Corriente | 270-073-430 |
| **Canacol Energy** | Banco Occidente - Ahorros | 270-866-130 |
| **Canacol Energy** | Fiduoccidente - ahorros (New) | 256-11794-6 |
| **Canacol Energy** | Fiduoccidente - Fic (New) | 1001210003446 |
| **Canacol Energy** | Fiduoccidente - ahorros (New) | 256-13988-8 |
| **Canacol Energy** | Banco de Occidente Panamá - USD - Fiduoccidente (New) | 100011983 |
| **CNE Oil & Gas** | Itau Corpbanca - Corriente | 014-40404-0 |
| **CNE Oil & Gas** | Santander - Ahorros | 100-01155-7 |
| **CNE Oil & Gas** | Davivienda - Ahorros | 482800005977 |
| **CNE Oil & Gas** | Fiduoccidente - ahorros (New) | 256-11795-3 |
| **CNE Oil & Gas** | Fiduoccidente - Fic (New) | 1001210003445 |
| **CNE Oil & Gas** | Fiduoccidente - Fic (New) | 1001210003449 |
| **CNE Oil & Gas** | Corredores Davivienda - Fondo de Inversión Colectiva | 900713658-1-I |
| **CNE Oil & Gas** | Credicorp Capital - Fondo de Inversión Colectiva Fonval | 1-1-49496-5 |
| **CNE Oil & Gas** | Credicorp Capital - EF Agente Garantía Mcquarie | 919301202064 |
| **CNE Oil & Gas** | Citibank NY - CNE OIL & GAS - SSJN7 - USD | 36279146 |
| **CNE Oil & Gas** | Banco de Occidente Panamá - USD - Fiduoccidente (New) | 100011984 |
| **CNE Oil & Gas** | Fiduoccidente - ahorros (New) | 256-124-488 |

En la Superintendencia de Sociedades trabajamos para promover
empresas innovadoras, productivas y sostenibles.
**www.supersociedades.gov.co**
webmaster@supersociedades.gov.co
Línea única de atención al ciudadano: 01-8000 - 11 43 10
Tel Bogotá: (601) 2201000
Colombia







**Superintendencia de Sociedades**

Auto
2025-01-844296
CANACOL ENERGY COLOMBIA SAS EN REORGANIZACION

| CNEOG Colombia | Credicorp Capital - Fondo de Inversión Colectiva Fonval | 1-1-58969-4 |
|---|---|---|
| CNEOG Colombia | Corredores Davivienda - Fondo de Inversión Colectiva | 900276770-1-I-A1 |
| Cantana Energy | Davivienda - Corriente | 008969992406 |
| Cantana Energy | Credicorp Capital - Fondo de Inversión Colectiva Fonval | 1-1-58639-4 |

f) *Ordenar que no se pueda decretar la terminación unilateral de ningún contrato de las Deudoras, especialmente los siguientes que son necesarios para la operación de dichas Deudoras y sin los cuales no se generan los ingresos de operación de éstas:*

| CNE OIL & GAS S.A.S. | |
|---|---|
| **Contrato** | **Contraparte** |
| Contrato de Exploración y Producción de Hidrocarburos VMM-10-1 | Agencia Nacional de Hidrocarburos |
| Contrato de Exploración y Producción de Hidrocarburos VMM-53 | Agencia Nacional de Hidrocarburos |
| Contrato de Exploración y Producción de Hidrocarburos VIM-33 | Agencia Nacional de Hidrocarburos |
| Contrato de Exploración y Producción de Hidrocarburos SSJN-07 | Agencia Nacional de Hidrocarburos |
| Contrato de Exploración y Producción de Hidrocarburos VIM-44 | Agencia Nacional de Hidrocarburos |
| Contrato de Exploración y Producción de Hidrocarburos VIM-5 | Agencia Nacional de Hidrocarburos |

| CANACOL ENERGY COLOMBIA S.A.S. | |
|---|---|
| **Contrato** | **Contraparte** |
| Contrato de Exploración y Producción de Hidrocarburos VMM-2 | Agencia Nacional de Hidrocarburos |
| Contrato de Exploración y Producción de Hidrocarburos Sangretoro | Agencia Nacional de Hidrocarburos |
| Contrato de Servicio de Producción con Riesgo del Área Casanare | Hocol S.A. |
| Acuerdo de Participación en el Área Casanare – Rancho Hermoso | Hocol S.A. |
| Contrato de Servicio de Operación y Mantenimiento Integral de los pozos | Hocol S.A. |

| CNEOG COLOMBIA SUCURSAL COLOMBIA | |
|---|---|
| **Contrato** | **Contraparte** |
| Contrato de Exploración y Producción de Hidrocarburos VIM-21 | Agencia Nacional de Hidrocarburos |
| Contrato de Exploración y Explotación de Hidrocarburos Esperanza | Agencia Nacional de Hidrocarburos |

| CANTANA ENERGY SUCURSAL COLOMBIA | |
|---|---|
| **Contrato** | **Contraparte** |
| Contrato de Exploración y Producción de Hidrocarburos VMM-49 | Agencia Nacional de Hidrocarburos |
| Contrato de Exploración y Producción de Hidrocarburos VMM-45 | Agencia Nacional de Hidrocarburos |

g) *Prohibir la ejecución de garantías reales de las Deudoras, en particular aquellas listadas en el Anexo 5.9 de la Solicitud de Reconocimiento.*



---

En la Superintendencia de Sociedades trabajamos para promover empresas innovadoras, productivas y sostenibles.
www.supersociedades.gov.co
webmaster@supersociedades.gov.co
Línea única de atención al ciudadano: 01-8000 - 11 43 10
Tel Bogotá: (601) 2201000
Colombia

Página: | 5





**Superintendencia
de Sociedades**

*h) Que para adelantar con éxito el proceso extranjero principal se requiere de la experiencia, conocimiento y participación continua de asesores de reconocida y particular experiencia. Por lo tanto, se solicita que, tanto el Representante Extranjero, como sus abogados y los abogados de las Deudoras se les otorgue prioridad de pago de sus honorarios, sobre todos los demás gastos, pagos de intereses y gravámenes, con el fin de asegurar las obligaciones derivadas de los honorarios y gastos incurridos para poder adelantar el referido proceso.*

14. Como fue detallado en la Solicitud de Reconocimiento, el 18 de noviembre de 2025, la Corte de Alberta, Canadá (*Court of King's Bench of Alberta*) emitió la orden inicial mediante la cual dio inicio al proceso de insolvencia de las Deudoras en Canadá. En el marco de dicho proceso extranjero de las Deudoras, el 28 de noviembre de 2025, la Corte emitió una providencia ratificando y adicionando la orden inicial.

15. Sobre el particular, advierte el Despacho que las medidas provisionales solicitadas por el Representante Extranjero se encuentran contempladas en la Orden Inicial y en la providencia que la adiciona y ratifica, emitidas por la *Court of King's Bench of Alberta* en el marco del proceso extranjero principal.

16. Dichas medidas son necesarias y urgentes para proteger los activos de las Deudoras, garantizar la continuidad operativa y evitar la parálisis derivada de la falta de liquidez, cumpliendo los criterios de necesidad, efectividad y proporcionalidad previstos en el artículo 590 del Código General del Proceso y el artículo 102 de la Ley 1116 de 2006.

17. Así, los alivios otorgados al deudor en insolvencia son plenamente compatibles con el régimen concursal colombiano, toda vez que corresponden a medidas expresamente contempladas en los artículos 20 y 21 de la Ley 1116 de 2006, y en el artículo 12 de la Ley 2437 de 2024.

18. Con ello se asegura la armonización de la normativa nacional con los estándares internacionales, garantizando que dichas medidas no vulneran el orden público ni los derechos de los acreedores, por cuanto son equivalentes a las aplicadas en los procesos internos para salvaguardar el patrimonio del deudor y asegurar la continuidad de la empresa como unidad productiva.

19. En consecuencia, este Juez Concursal, accederá a las medidas adoptadas en la decisión proferida por la Corte de Alberta y hará extensivos sus efectos en Colombia, bajo el principio de cooperación internacional y coordinación de procesos, garantizando la protección de los intereses de los acreedores y la preservación del valor del negocio.

20. Ahora bien, en relación con la solicitud relativa a:

*d) Ordenar que las siguientes cuentas bancarias, que están sujetas a un acuerdo de control registrado en el registro de garantías mobiliarias, se mantengan bajo el control de las Deudoras y sus recursos se destinen a pagar los gastos requeridos de operación y gastos de administración de las Deudoras, toda vez que se trata de recursos necesarios para sufragar gastos como, nomina, proveedores estratégicos, gastos de operación ordinarios, impuestos:*

- *Cuenta Corriente, No. 482869995316 del Banco Davivienda S.A. a nombre de Canacol Energy Colombia S.A.S.;*

Resolución Sin Firma Digital 2025-01-148411
%c3%91 40-c3%l3°91 P0-c3f-9140

En la Superintendencia de Sociedades trabajamos para promover
empresas innovadoras, productivas y sostenibles.
**www.supersociedades.gov.co**
webmaster@supersociedades.gov.co
Línea única de atención al ciudadano: 01-8000 - 11 43 10
Tel Bogotá: (601) 2201000
Colombia

   



**Superintendencia
de Sociedades**

- Cuenta de Ahorros, No. 482800005274 del Banco Davivienda S.A; a nombre de CNE Oil & Gas S.A.S.;
- Cuenta Corriente, No. 001169996129 del Banco Davivienda S.A. a nombre de CNE Oil & Gas S.A.S.;
- Cuenta Corriente, No. 008969992620 del Banco Davivienda S.A. a nombre de CNEOG Colombia Sucursal Colombia;
- Cuenta Corriente, No. 291-81962-1 del Banco Occidente S.A. a nombre de CNEOG Colombia Sucursal Colombia;
- Cuenta de ahorros, No. 291-81961-3 del Banco Occidente S.A. a nombre de CNEOG Colombia Sucursal Colombia;
- Cuentas de depósito en Citibank N.A. No. 36277079 a nombre de Canacol Energy Colombia S.A.S.;
- Cuentas de depósito en Citibank N.A. No. 36279111 a nombre de CNE Oil & Gas S.A.S.;
- Cuentas de depósito en Citibank N.A. No. 36450329 a nombre de CNEOG Colombia Sucursal Colombia;

21. Advierte el Despacho que, contrario a lo señalado en relación con las demás medidas, ésta no se encuentra en la Orden Inicial, ni en aquella que la ratifica o adiciona. Esta solicitud corresponde a una autorización para que las Deudoras mantengan a su disposición las cuentas sujetas a un acuerdo de control registrado como garantía mobiliaria.

22. Sobre este punto particular, debe resaltarse que en los casos en los que se presente un riesgo de afectación a las garantías que protegen el crédito, deberá analizarse en detalle que el acto no devenga en la transgresión a los derechos de los acreedores, teniendo en especial consideración la voluntad de las partes para modificar, sustituir o extinguir los efectos de una relación contractual, como lo es una garantía.

23. De manera especial, el artículo 50 de la Ley 1676 de 2013 establece que la garantía a favor de un acreedor puede ser reemplazada por otra que proteja su posición de acreedor con garantía así:

> *"(…) En caso de que los bienes objeto de garantía estén sujetos a depreciación, el acreedor podrá solicitar al promotor y, en su caso, al juez del concurso, **que se adopten medidas para proteger su posición de acreedor con garantía real, tales como la sustitución del bien objeto de la garantía por un bien equivalente**, la dotación de reservas, o la realización de pagos periódicos para compensar al acreedor por la pérdida de valor del bien. (…)"* (Negrilla fuera del texto original)

24. De esa manera, a fin de que este Despacho pueda autorizar la entrega a la concursada de los dineros que reposan en las cuentas que están sujetas al control de las Deudoras y sus recursos se destinen a pagar los gastos requeridos de operación y gastos de administración de las Deudoras, deberá presentarse la aceptación del acreedor garantizado, respecto de dicha medida, en los términos indicados.

25. En igual sentido, el artículo 43.5 de la Ley 1116 de 2006 establece que la constitución, modificación o cancelación de garantías requerirá del voto afirmativo del beneficiario, como medida que resta poder al Juez del Concurso para que con sus decisiones afecte negocios jurídicos válidamente celebrados, y de contera, los derechos de los acreedores titulares de garantías.



En la Superintendencia de Sociedades trabajamos para promover
empresas innovadoras, productivas y sostenibles.
www.supersociedades.gov.co
webmaster@supersociedades.gov.co
Línea única de atención al ciudadano: 01-8000 - 11 43 10
Tel Bogotá: (601) 2201000
Colombia

  



**Superintendencia
de Sociedades**

Auto
2025-01-844296
CANACOL ENERGY COLOMBIA SAS EN REORGANIZACION

26. Por lo tanto, para acceder a una autorización que tenga por objeto disponer de un bien dado en garantía, resulta determinante presentar con la solicitud, la aceptación del acreedor garantizado, respecto del reemplazo de la garantía, y/o su cancelación, de conformidad con lo dispuesto en la Ley 1676 de 2013 y el Decreto 1074 de 2015.

27. En el caso bajo estudio, no se allegó con la solicitud ningún documento que brinde certeza al Despacho sobre la aceptación por parte de los acreedores garantizados respecto a la liberación de recursos objeto de fuente de pago. Adicionalmente, se advierte que el peticionario, no aportó los contratos de garantía correspondientes con el fin de conocer las condiciones de su otorgamiento.

28. Así las cosas, el Despacho se abstendrá de pronunciarse sobre esta medida particular, y previo a resolver, se requerirá al deudor para que, dentro de los diez (10) días hábiles siguientes a la ejecutoria de la providencia, allegue al Despacho la información solicitada.

**Solicitud de reconocimiento de proceso extranjero y Decreto de las medidas automáticas a partir del reconocimiento[1]**

29. Las solicitudes relativas al reconocimiento en Colombia del proceso de insolvencia extranjero de las sociedades referidas; el reconocimiento de KPMG INC. como Monitor y Representante Extranjero del procedimiento principal canadiense conforme al CCAA; así como la solicitud de medidas automáticas y medidas otorgables a partir del reconocimiento del proceso extranjero, serán resueltas en providencia separada.

En mérito de lo expuesto, el Superintendente Delegado de Procedimientos de Insolvencia,

RESUELVE

**Primero.** Otorgar las medidas provisionales relacionadas en el numeral trece (13) de la parte considerativa de esta providencia, de conformidad con lo dispuesto en el artículo 102 de la Ley 1116 de 2006.

**Segundo.** Abstenerse de pronunciarse sobre la medida provisional relacionada en el numeral veinte (20) de la parte considerativa de esta providencia conforme a lo expuesto.

**Tercero.** Requerir al Representante Extranjero para que, dentro de los diez (10) días siguientes a la ejecutoria de esta providencia, allegue al Despacho la información requerida sobre la aceptación por parte de los acreedores garantizados respecto a la liberación de recursos objeto de fuente de pago, así como los contratos de garantía correspondientes con el fin de conocer las condiciones de su otorgamiento.

**Cuarto.** Advertir que las solicitudes relativas al reconocimiento en Colombia del proceso de insolvencia extranjero de las sociedades referidas; el reconocimiento de KPMG INC. como Monitor y Representante Extranjero del procedimiento principal canadiense conforme al CCAA; así como la solicitud de medidas automáticas y medidas otorgables a partir del reconocimiento del proceso extranjero, serán resueltas en providencia separada.


Resolución Sin Firma Digital 2025-01-1484t1
%C3-9140-c63f-91f1P0-C63f-9140

---

[1] Memoriales 2025-01-817952 del 27 de noviembre de 2025 y 2025-01-841342 del 10 de diciembre de 2025

En la Superintendencia de Sociedades trabajamos para promover
empresas innovadoras, productivas y sostenibles.
**www.supersociedades.gov.co**
webmaster@supersociedades.gov.co
Línea única de atención al ciudadano: 01-8000 - 11 43 10
Tel Bogotá: (601) 2201000
Colombia

   



**Superintendencia
de Sociedades**

**Notifíquese,**

**Santiago Londoño Correa**
Superintendente Delegado de Procedimientos de Insolvencia



En la Superintendencia de Sociedades trabajamos para promover
empresas innovadoras, productivas y sostenibles.
**www.supersociedades.gov.co**
webmaster@supersociedades.gov.co
**Línea única de atención al ciudadano: 01-8000 - 11 43 10**
**Tel Bogotá: (601) 2201000**
**Colombia**

    





Superintendencia
de Sociedades

ON REPLY CITE:
2025-01-844296

TYPE: INTERNAL DATE: 11-12-2025 14:07:32 PROCEDURE:
16024-PRECAUTIONARY MEASURES (DECREES, PRACTICES, LIFTS,

COMPANY: 830095563 - CANACOL ENERGY COLOMBIA SAS IN REORGANIZACION

SENDER: 400 - DELEGATION FOR INSOLVENCY PROCEEDINGS

DOCUMENT TYPE: CONSECUTIVE ORDER:
400-027544 PAGES: 8

ANNEXES: NO

## Car

### SUPERINTENDENCE OF COMPANIES

**Subject**
Canacol Energy Colombia S.A.S, CNE Oil
& Gas S.A.S., Cantana Energy Colombia
Branch and Cneog Colombia Colombia
Branch

**Affair**
Decrees provisional measure, Art. 102 Law 1116 of 2006

**Dossier**
40197

## I. BACKGROUND

1. With memorandum 2025-01-817952 of November 27, 2025, KPMG INC, entity designated as foreign representative of the main reorganization process of the parent company Canacol Energy LTD, and its direct and indirect subsidiaries Alberta LTD, Canacol Energy ULC, Alberta ULC, Cantana Energy GMBH, Cne Oil & Gas S.R.L, Canacol Energy Colombia S.A.S, Shona Holding GMBH, Cne Energy S.A.S., and Cne Oil & Gas S.A.S., a proceeding opened and decreed by the *Court of King's Bench of Alberta of the Judicial Centre of Calgary, Canada,* regulated under the *Companies' Creditors Arrangement Act* (CCAA), pursuant to the Initial Order, requested:



(i)     The recognition in Colombia of the foreign insolvency process, of the referred companies, by virtue of the provisions of Title III of Law 1116 of 2006, Recognize KPMG INC., in its capacity as Foreign Monitor and Representative of the Canadian main proceeding under the CCAA, duly appointed by the Honorable Court of the King of Alberta Court of the Calgary Judicial Centre, Canada, to administer the assets and liabilities of the debtors, Urgent provisional measures, in accordance with the provisions of Article 102 of Law 1116 of 2006,

(iii)

(iv) Automatic measures from the recognition of the Main Foreign Proceeding of the debtors, in accordance with the provisions of Article 105 of the Bankruptcy Statute,

(v)     Measures that can be granted from the recognition of the Foreign Proceeding, under the terms of Article 106 of the Bankruptcy Statute.

2.    With memorandum 2025-01-841337 of December 10, 2025, KPMG INC. submitted the substitution of the power of attorney conferred on the professional who had been representing the company before this Superintendence and sent additional information on the foreign process of the debtors, under the terms of Article 104 of Law 1116 of 2006.

3.    In particular, KPMG INC. informed the Firm that, in the framework of the foreign proceedings of the Debtors, on November 28, 2025, the Court *of King's Bench of*

En la Superintendencia de Sociedades trabajamos para promover
empresas innovadoras, productivas y sostenibles.
www.supersociedades.gov.co
webmaster@supersociedades.gov.co
Línea única de atención al ciudadano: 01-8000 - 11 43 10
Tel Bogotá: (601) 2201000
Colombia

   



**Superintendencia de Sociedades**

*Alberta* issued an order ratifying and adding to the Initial Order.

4.  By memorial 2025-01-841342 of November 10, 2025, KPMG INC. submitted a scope to the application for recognition filed with memorial 2025-01-817952 of November 27, 2025, in order to specify substantial matters in the face of the application for recognition and to replace the request for provisional measures filed with the initial application, as well as the measures from the recognition so that, instead, the following are decreed:

   4.1    Order that enforcement actions or any other type of collection process against the Debtors, including processes for the enforcement of real and movable guarantees, may not be admitted or continued.

   4.2    To order that the actions carried out in contravention of the provisions of the previous order be considered null and void and that the official who carries them out incurs in cause of misconduct.

   4.3    Order the suspension of all enforcement proceedings against the assets of the Debtors (including, but not limited to, enforcement proceedings of movable guarantees) processes and/or suspend any measure that is in process that prevents the Debtors from continuing with their operation within the ordinary course of their business, or hinders it.

   4.4    To order that the ten (10) related bank accounts, which are subject to a control agreement registered in the secured transactions registry, be kept under the control of the Debtors and their resources be used to pay the required operating expenses and administrative expenses of the Debtors, since they are resources necessary to cover expenses such as, payroll, strategic suppliers, ordinary operating expenses and taxes.

   4.5    To order that the related bank accounts in favor of Canacol Energy Colombia SAS, CNE Oil & Gas S.A.S., CNEOG Colombia - Colombia Branch (ADA) and Cantana Energy Sucursal Colombia remain under the control of the Debtors and that their resources be used to pay the required operating expenses and administration expenses of the Debtors, since these are resources necessary to cover expenses such as payroll, strategic suppliers, ordinary operating expenses and taxes.

   4.6    To order that the unilateral termination of any contract of the Debtors may not be decreed, especially those entered into with the National Hydrocarbons Agency and the company Hocol SA described therein.

   4.7    Prohibit the enforcement of the Debtors' security interests, in particular those that it claimed to list in Annex 5.9 of the Application for Recognition.

   4.8    To give priority in the payment of fees, over all other expenses, payments of interest and levies, in order to ensure the obligations derived from the fees and expenses incurred in order to advance the aforementioned process of the Foreign Representative, such as his lawyers and the lawyers of the Debtors 5. In support of the provisional measures requested, KPMG INC. indicated that the



En la Superintendencia de Sociedades trabajamos para promover
empresas innovadoras, productivas y sostenibles.
www.supersociedades.gov.co
webmaster@supersociedades.gov.co
Línea única de atención al ciudadano: 01-8000 - 11 43 10
Tel Bogotá: (601) 2201000
Colombia

   



**Superintendencia
de Sociedades**



measures were urgent and necessary for the protection of the assets of the Debtors, against possible seizures or individual executions that compromise the continuity of the business, guarantee the operation and the flow of income, avoiding paralysis derived from lack of liquidity. Therefore, if it is not adopted, the risk of asset deterioration and interruption of operations of the Debtors could increase. The foregoing would not affect the rights of third parties beyond what is strictly necessary to fulfill the purpose of the process.

## II.    CONSIDERATIONS OF THE FIRM

6.   In accordance with the foregoing, the Firm will rule first on the request for urgent provisional measures and then on the request for recognition of the foreign process, as well as the measures consequent thereto in the following sense.

**Request for urgent interim measures**

7.   In response to the request for provisional measures, Article 102 of Law 1116 of 2006 provides that, from the filing of an application for recognition until its resolution, the competent Colombian authority may grant provisional measures at the request of the foreign representative and when the measures are necessary and urgent to protect the debtor's assets or the interests of creditors.

8.   Thus, a request for provisional measures requires compliance with two elements: (i) a request made by the foreign representative; (ii) that it is proven that the measures are necessary and urgent to protect the assets of the debtor and its creditors.

9.   With the foregoing, the aforementioned provision warns that, for the adoption of the aforementioned measures, the provisions of the Code of Civil Procedure –   now the General Code of Procedure –   relating to precautionary measures must be observed, as appropriate.

10.  With regard to the decree of these measures, Article 590 of the General Code of Procedure establishes that the decree of these measures shall be ordered in order to prevent the existence of the threat or violation of the right sought in the judicial proceedings.

11.  Likewise, for access to these measures, the appearance of good law must be observed, as well as the necessity, effectiveness and proportionality of the measure. However, the decree of these measures cannot be indefinite and, consequently, the Judge must establish their scope and duration.

12.  In the case under study, KPMG INC, in its capacity as foreign representative, requested that the provisional measures referred to in paragraph
4 of the background in order to protect the assets of the Debtors, against possible seizures or individual executions that compromise the continuity of the business, guarantee the operation and the flow of income, avoiding the paralysis derived from the lack of liquidity of the Companies.

---

En la Superintendencia de Sociedades trabajamos para promover
empresas innovadoras, productivas y sostenibles.
**www.supersociedades.gov.co**
webmaster@supersociedades.gov.co
Línea única de atención al ciudadano: 01-8000 - 11 43 10
Tel Bogotá: (601) 2201000
Colombia





**Superintendencia
de Sociedades**

13. In the present case, the relevant Firm considers that the provisional measures requested by the Foreign Representative should be granted, which are listed below:

a) *To order that applications for enforcement cannot be admitted or continued or any other type of collection process against the Debtors, including processes for the enforcement of real and movable interests.*

b) *To order that the actions carried out in contravention of the provisions of paragraph (a) above be considered null and void and that the official who advances them incurs in cause of misconduct.*

c) *Order the suspension of all enforcement proceedings against the assets of the Debtors (including, but not limited to, enforcement proceedings of secured transactions) processes and/or suspend any measure that is in process that prevents the Debtors from continuing with their operation within the ordinary course of their business, or hinders it.*

e) *To order that the following bank accounts be kept under the control of the Debtors and that their resources be used to pay the required operating expenses and administrative expenses of the Debtors, since they are necessary resources to cover expenses such as payroll, strategic suppliers, ordinary operating expenses, taxes:*

| Enterprise | Bench | Account No. |
|---|---|---|
| Canacol Energy | Davivienda - Savings | 482800005282 |
| Canacol Energy | Davivienda Brokers - Collective Investment Fund | 830095563-1-I-A1 |
| Canacol Energy | Santander - Savings | 100014211 |
| Canacol Energy | Credicorp Capital - Fonval Collective Investment Fund | 1-1-56422-9 |
| Canacol Energy | Banco de Occidente Current Account | 263-04375-9 |
| Canacol Energy | Banco Occidente - Corriente | 270-073-430 |
| Canacol Energy | Banco Occidente - Savings | 270-866-130 |
| Canacol Energy | Fiduoccidente - savings (New) | 256-11794-6 |
| Canacol Energy | Fiduoccidente - Fic (New) | 1001210003446 |
| Canacol Energy | Fiduoccidente - savings (New) | 256-13988-8 |
| Canacol Energy | Banco de Occidente Panama - USD - Fiduoccidente (New) | 100011983 |
| CNE Oil & Gas | Itau Corpbanca - Corriente | 014-40404-0 |
| CNE Oil & Gas | Santander - Savings | 100-01155-7 |
| CNE Oil & Gas | Davivienda - Savings | 482800005977 |
| CNE Oil & Gas | Fiduoccidente - savings (New) | 256-11795-3 |
| CNE Oil & Gas | Fiduoccidente - Fic (New) | 1001210003445 |
| CNE Oil & Gas | Fiduoccidente - Fic (New) | 1001210003449 |
| CNE Oil & Gas | Davivienda Brokers - Collective Investment Fund | 900713658-1-I |
| CNE Oil & Gas | Credicorp Capital - Fonval Collective Investment Fund | 1-1-49496-5 |
| CNE Oil & Gas | Credicorp Capital - EF Mcquarie Guarantee Agent | 919301202064 |
| CNE Oil & Gas | Citibank NY - CNE OIL & GAS - SSJN7 - USD | 36279146 |
| CNE Oil & Gas | Banco de Occidente Panama - USD - Fiduoccidente (New) | 100011984 |
| CNE Oil & Gas | Fiduoccidente - savings (New) | 256-124-488 |

En la Superintendencia de Sociedades trabajamos para promover
empresas innovadoras, productivas y sostenibles.
www.supersociedades.gov.co
webmaster@supersociedades.gov.co
Línea única de atención al ciudadano: 01-8000 - 11 43 10
Tel Bogotá: (601) 2201000
Colombia

  



**Superintendencia de Sociedades**

| CNEOG Colombia | Credicorp Capital - Fonval Collective Investment Fund | 1-1-58969-4 |
|---|---|---|
| CNEOG Colombia | Davivienda Brokers - Collective Investment Fund | 900276770-1-I-A1 |
| Cantana Energy | Davivienda - Corriente | 008969992406 |
| Cantana Energy | Credicorp Capital - Fonval Collective Investment Fund | 1-1-58639-4 |

f) *To order that the unilateral termination of any contract of the Debtors may not be decreed, especially the following that are necessary for the operation of said Debtors and without which their operating income is not generated:*

| CNE OIL & GAS S.A.S. | |
|---|---|
| **Contract** | **Counterpart** |
| VMM-10-1 Hydrocarbon Exploration and Production Contract | National Hydrocarbons Agency |
| VMM-53 Hydrocarbon Exploration and Production Contract | National Hydrocarbons Agency |
| VIM-33 Hydrocarbon Exploration and Production Contract | National Hydrocarbons Agency |
| Hydrocarbon Exploration and Production Contract SSJN-07 | National Hydrocarbons Agency |
| VIM-44 Hydrocarbon Exploration and Production Contract | National Hydrocarbons Agency |
| VIM-5 Hydrocarbon Exploration and Production Contract | National Hydrocarbons Agency |

| CANACOL ENERGY COLOMBIA S.A.S. | |
|---|---|
| **Contract** | **Counterpart** |
| VMM-2 Hydrocarbon Exploration and Production Contract | National Hydrocarbons Agency |
| Sangretoro Hydrocarbon Exploration and Production Contract | National Hydrocarbons Agency |
| Casanare Area Production Service with Risk Contract | Hocol S.A. |
| Casanare – Rancho Hermoso Area Participation Agreement | Hocol S.A. |
| Comprehensive Operation and Maintenance Service Contract for wells | Hocol S.A. |

| CNEOG COLOMBIA COLOMBIA BRANCH | |
|---|---|
| **Contract** | **Counterpart** |
| VIM-21 Hydrocarbon Exploration and Production Contract | National Hydrocarbons Agency |
| Esperanza Hydrocarbons Exploration and Exploitation Contract | National Hydrocarbons Agency |

| CANTANA ENERGY COLOMBIA BRANCH | |
|---|---|
| **Contract** | **Counterpart** |
| VMM-49 Hydrocarbon Exploration and Production Contract | National Hydrocarbons Agency |
| VMM-45 Hydrocarbon Exploration and Production Contract | National Hydrocarbons Agency |

g) *Prohibit the enforcement of the Debtors' security interests, in particular those listed in Annex 5.9 of the Application for Recognition.*

En la Superintendencia de Sociedades trabajamos para promover empresas innovadoras, productivas y sostenibles.
**www.supersociedades.gov.co**
webmaster@supersociedades.gov.co
Línea única de atención al ciudadano: 01-8000 - 11 43 10
Tel Bogotá: (601) 2201000
Colombia

   



**Superintendencia
de Sociedades**

*h) That in order to successfully carry out the main foreign process, the experience, knowledge and continuous participation of advisors of recognized and particular experience is required. Therefore, it is requested that both the Foreign Representative, his lawyers and the lawyers of the Debtors be given priority in the payment of their fees, over all other expenses, payments of interest and encumbrances, in order to ensure the obligations derived from the fees and expenses incurred in order to advance the aforementioned process.*

14. As detailed in the Application for Recognition, on November 18, 2025, the *Court of King's Bench of Alberta* issued the initial order commencing the insolvency proceedings of the Debtors in Canada. In the framework of said foreign proceeding of the Debtors, on November 28, 2025, the Court issued an order ratifying and adding to the initial order.

15. In this regard, the Firm notes that the provisional measures requested by the Foreign Representative are contemplated in the Initial Order and in the order that adds and ratifies it, issued by the *Court of King's Bench of Alberta* in the framework of the main foreign proceeding.

16. Such measures are necessary and urgent to protect the assets of the Debtors, guarantee operational continuity and avoid paralysis derived from lack of liquidity, complying with the criteria of necessity, effectiveness and proportionality provided for in Article 590 of the General Code of Procedure and Article 102 of Law 1116 of 2006.

17. Thus, the relief granted to the debtor in insolvency is fully compatible with the Colombian bankruptcy regime, since they correspond to measures expressly contemplated in Articles 20 and

    21  of Law 1116 of 2006, and in Article 12 of Law 2437 of 2024.

18. This ensures the harmonization of national legislation with international standards, ensuring that such measures do not infringe public policy or the rights of creditors, as they are equivalent

    to those applied in internal processes to safeguard the debtor's assets and ensure the continuity of the company as a productive unit.

19. Consequently, this Bankruptcy Judge will accede to the measures adopted in the decision issued by the Court of Alberta and will extend its effects in Colombia, under the principle of international cooperation and coordination of processes, guaranteeing the protection of the interests of creditors and the preservation of the value of the business.

20. However, as regards the application concerning:

    *d) To order that the following bank accounts, which are subject to a control agreement registered in the registry of secured transactions, be kept under the control of the Debtors and their resources be used to pay the required operating expenses and administration expenses of the Debtors, since they are resources necessary to cover expenses such as: payroll, strategic suppliers, ordinary operating expenses, taxes:*

    - Current Account, No. 482869995316 of Banco Davivienda S.A. in the name of Canacol Energy Colombia S.A.S.;



En la Superintendencia de Sociedades trabajamos para promover
empresas innovadoras, productivas y sostenibles.
**www.supersociedades.gov.co**
webmaster@supersociedades.gov.co
Línea única de atención al ciudadano: 01-8000 - 11 43 10
Tel Bogotá: (601) 2201000
Colombia

   



**Superintendencia
de Sociedades**

- Savings Account, No. 482800005274 of Banco Davivienda S.A.; in the name of CNE Oil & Gas S.A.S.;
- Current Account, No. 001169996129 of Banco Davivienda S.A. in the name of CNE Oil & Gas S.A.S.;
- Current Account, No. 008969992620 of Banco Davivienda S.A. in the name of CNEOG Colombia Sucursal Colombia;
- Current Account, No. 291-81962-1 of Banco Occidente S.A. in the name of CNEOG Colombia Sucursal Colombia;
- Savings account, No. 291-81961-3 of Banco Occidente S.A. in the name of CNEOG Colombia Sucursal Colombia;
- Deposit accounts at Citibank N.A. No. 36277079 in the name of Canacol Energy Colombia S.A.S.;
- Deposit accounts at Citibank N.A. No. 36279111 in the name of CNE Oil & Gas S.A.S.;
- Deposit accounts at Citibank N.A. No. 36450329 in the name of CNEOG Colombia Sucursal Colombia;

21. The Office notes that, contrary to what has been indicated in relation to the other measures, this is not found in the Initial Order, nor in the one that ratifies or adds to it. This request corresponds to an authorization for the Debtors to keep at their disposal the accounts subject to a control agreement registered as a security interest.

22. On this particular point, it should be noted that in cases where there is a risk of affecting the guarantees that protect the credit, it must be analysed in detail that the act does not result in a violation of the rights of creditors, taking into special consideration the will of the parties to modify, replace or extinguish the effects of a contractual relationship, such as a guarantee.

23. In particular, Article 50 of Law 1676 of 2013 establishes that the guarantee in favor of a creditor may be replaced by another that protects its position as a creditor with a guarantee as follows:

> *"(...) In the event that the assets subject to collateral are subject to depreciation, the creditor may request the developer and, where appropriate, the insolvency judge,* **to adopt measures to protect its position as a secured creditor, such as the replacement of the asset subject to the collateral with an equivalent asset,** *the provision of reserves, or the making of periodic payments to compensate the creditor for the loss of value of the asset. (...)"* (Bold outside the original text)

24. Thus, in order for this Firm to authorize the delivery to the bankrupt party of the monies that rest in the accounts that are subject to the control of the Debtors and its resources are used to pay the required operating expenses and administration expenses of the Debtors, the acceptance of the secured creditor must be submitted, with respect to said measure, in the terms indicated.

25. In the same vein, Article 43.5 of Law 1116 of 2006 establishes that the constitution, modification or cancellation of guarantees shall require the affirmative vote of the beneficiary, as a measure that takes away the power of the Bankruptcy Judge to affect validly entered into legal transactions with his decisions, and on the contrary, the rights of creditors holding guarantees.

En la Superintendencia de Sociedades trabajamos para promover
empresas innovadoras, productivas y sostenibles.
**www.supersociedades.gov.co**
webmaster@supersociedades.gov.co
Línea única de atención al ciudadano: 01-8000 - 11 43 10
Tel Bogotá: (601) 2201000
Colombia

   



**Superintendencia de Sociedades**

26. Therefore, in order to obtain an authorization for the purpose of disposing of a given asset as collateral, it is decisive to submit with the application, the acceptance of the secured creditor, with respect to the replacement of the guarantee, and/or its cancellation, in accordance with the provisions of Law 1676 of 2013 and Decree 1074 of 2015.

27. In the case under study, no document was attached to the request that would provide certainty to the Firm regarding the acceptance by the secured creditors with respect to the release of resources subject to payment. In addition, it is noted that the petitioner did not provide the corresponding guarantee contracts in order to know the conditions of their granting.

28. Thus, the Firm will refrain from pronouncing on this particular measure, and prior to ruling, the debtor will be required to provide the Firm with the requested information within ten (10) working days following the execution of the order.

**Application for recognition of foreign proceedings and Decree on automatic measures from recognition** [1]

29. Applications relating to the recognition in Colombia of the foreign insolvency process of the aforementioned companies; the recognition of KPMG INC. as a Monitor and Foreign Representative of the Canadian main proceeding under the CCAA; as well as the request for automatic measures and measures grantable from the recognition of the foreign process, will be resolved in a separate order.

In light of the above, the Deputy Superintendent of Insolvency Proceedings,

## SOLVE

**First.** To grant the provisional measures listed in numeral thirteen (13) of the preamble of this ruling, in accordance with the provisions of Article 102 of Law 1116 of 2006.

**Second.** To refrain from ruling on the provisional measure listed in numeral twenty (20) of the preamble of this ruling in accordance with the foregoing.

**Third.** To require the Foreign Representative to submit to the Firm within ten (10) days following the execution of this order the required information on the acceptance by the secured creditors with respect to the release of resources subject to payment, as well as the corresponding guarantee contracts in order to know the conditions of their granting.

**Room.** To note that the requests relating to the recognition in Colombia of the foreign insolvency process of the aforementioned companies; the recognition of KPMG INC. as Monitor and Foreign Representative of the Canadian main proceeding under the CCAA; as well as the request for automatic measures and measures grantable from the recognition of the foreign proceeding, will be resolved in a separate order.

---

[1] Memorials 2025-01-817952 of November 27, 2025 and 2025-01-841342 of December 10, 2025

Page: | 8

En la Superintendencia de Sociedades trabajamos para promover empresas innovadoras, productivas y sostenibles.
**www.supersociedades.gov.co**
**webmaster@supersociedades.gov.co**
Línea única de atención al ciudadano: 01-8000 - 11 43 10
Tel Bogotá: (601) 2201000
Colombia









Superintendencia
de Sociedades

Car
2025-01-844296
CANACOL ENERGY COLOMBIA SAS IN REORGANIZATION

**Be notified,**

**Santiago Londoño Correa**
Deputy Superintendent of Insolvency Proceedings



En la Superintendencia de Sociedades trabajamos para promover
empresas innovadoras, productivas y sostenibles.
**www.supersociedades.gov.co**
**webmaster@supersociedades.gov.co**
Línea única de atención al ciudadano: 01-8000 - 11 43 10
**Tel Bogotá: (601) 2201000**
**Colombia**




