**Exhibit A**

**Revised Proposed Order**

4924-7578-5859.1 50180.00001

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 15 |
| CANACOL ENERGY LTD., *et al.*[1] | Case No. 25-12572 (DSJ) |
| Debtors in a Foreign Proceeding. | (Jointly Administered) |

**ORDER GRANTING FOREIGN REPRESENTATIVE'S EMERGENCY MOTION FOR ORDER RECOGNIZING AND ENFORCING SECOND AMENDED AND RESTATED INITIAL ORDER INCLUDING DIP FINANCING AUTHORIZED THEREUNDER**

Upon consideration of the *Foreign Representative's Emergency Motion for Order Recognizing and Enforcing Second Amended and Restated Initial Order Including DIP Financing Authorized Thereunder* (the "Motion"),[2] filed by the Foreign Representative as the "foreign representative" of the above-captioned debtors (collectively, the "Debtors"); and upon the hearing on the Motion and this Court's review and consideration of the Motion, the Bednar Declaration and the Second Report; IT IS HEREBY FOUND AND DETERMINED THAT[3]:

A. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 as well as the *Amended Standing Order of Reference* dated January 31, 2012, Reference M-431,

---

[1] The Debtors, along with the last four digits of each Debtor's unique identifier, as applicable, are as follows: Canacol Energy Ltd. (2074); Cantana Energy GmbH (8873); CNE Oil & Gas S.R.L. (9803); Canacol Energy ULC (0350); Shona Holding GmbH (2126); Canacol Energy Colombia S.A.S. (5633); CNE Energy S.A.S (0691); CNE Oil & Gas S.A.S. (6580); 2498003 Alberta ULC (4611); and 2654044 Alberta Ltd. (3429). The Foreign Representative's service address for purposes of these Chapter 15 Cases is c/o KPMG Inc., Bay Adelaide Centre, Suite 4600 333 Bay Street, Toronto, Ontario, Canada M5H 2S5.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

[3] The findings and conclusions set forth herein and in the record of the hearing on the Motion constitute this Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Rules 7052 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). To the extent any of the findings of fact herein constitute conclusions of law, they are adopted as such. To the extent any of the conclusions of law herein constitute findings of fact, they are adopted as such.

*In re Standing Order of Reference Re: Title 11*, 12 Misc. 00032 (S.D.N.Y Feb. 2, 2012) (Preska, CJ).

  B. Venue is proper before this Court as to each Debtor pursuant to 28 U.S.C. § 1410. This is a core proceeding pursuant to 28 U.S.C. § 157(b) and this Court may enter a final order consistent with Article III of the United States Constitution.

  C. Appropriate notice of the filing of, and the hearing on, the Motion was given, which notice is deemed adequate for all purposes, and no other or further notice need be given.

  D. No objections or other responses were filed that have not been overruled, withdrawn, or otherwise resolved.

  E. All creditors and other parties in interest, including the Debtors, are sufficiently protected by the grant of relief ordered hereby in accordance with section 1522(a) of the Bankruptcy Code.

  F. The Foreign Representative has demonstrated, and its showings are verified by the findings of the Canadian Court, that (i) the incurrence of indebtedness in the form of loans and letters of credit under the DIP Facility, as authorized by the SARIO, and the granting of liens and charges in connection with the DIP Facility is necessary to preserve and maximize the values of the Debtors' assets and to prevent irreparable harm to the Debtors, (ii) without the financing provided by the DIP Facility, the Debtors will be unable to continue operations and fund their restructuring proceedings, which will significantly impair the value of their assets, (iii) the Debtors are unable to obtain the requisite financing on an unsecured basis, (iv) the terms of the DIP Facility are fair, reasonable, and adequate, given the circumstances and in the Debtors' reasonable business judgment, (v) Debtors are unable to obtain credit that does not have the priority set forth in the SARIO, (vi) the terms of the DIP Facility were entered into in good faith by the Debtors and the

DIP Lenders, (vii) the DIP Lenders will not extend credit pursuant to the DIP Facility without the protections contained in this Order, and (viii) the amount that the Debtors have been authorized to borrow in the form of loans and letters of credit is reasonably necessary for the Debtors to fund their restructuring and to continue their operations.

G.   The terms of the DIP Facility have been negotiated in good faith and at arm's length between the Debtors and the DIP Lenders.

H.   The relief granted hereby is necessary to effectuate the purposes and objectives of chapter 15 and to protect the Debtors and the interests of their creditors and other parties in interest, is in the interest of the public and international comity, consistent with the public policy of the United States. Absent the requested relief, the efforts of the Debtors and the Foreign Representative in conducting the Canadian Proceeding and effectuating the restructuring under Canadian law may be frustrated, a result contrary to the purposes of chapter 15.

**BASED ON THE FOREGOING FINDINGS OF FACT AND AFTER DUE DELIBERATION AND SUFFICIENT CAUSE APPEARING THEREFORE, IT IS HEREBY ORDERED THAT:**

1.   The Motion is granted.

2.   The Foreign Representative is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

3.   The SARIO, including the authorization of the DIP Financing thereunder, is granted recognition and enforcement in the United States and given full force and effect on a final basis, with respect to the Debtors' property that now or in the future is located within the territorial jurisdiction of the United States (the "U.S. Property"). To the extent authorized under the SARIO, the Court recognizes the DIP Lenders' Charge, as defined in the SARIO, and such Charge is hereby granted, on all of the Debtors' United States assets subject to the priorities, terms, and conditions

of the SARIO, to secure current and future amounts outstanding under the DIP Financing. The DIP Lenders' Charge shall have the priority set forth in the SARIO.

4. To the extent this Court's approval is required, and to the extent provided in the SARIO, the Debtors are hereby authorized to execute and deliver such term sheets, credit agreements, mortgages, charges, hypothecs and security documents, guarantees, and other documents as are contemplated by the DIP Facility or as may be reasonably required by the DIP Lenders pursuant to the terms thereof, including one or more amendments, waivers, consents or other modifications and any fees paid in connection therewith (it being understood that no further Court approval shall be required for amendments, waivers, consents or other modifications that do not shorten the maturity of the extension of credit under the DIP Financing or increase the commitments beyond the amounts expressly contemplated in the DIP Commitment Letter or the rate of interest payable thereunder), in each case in such form as the Debtors and the DIP Lenders may agree, and the Debtors are hereby authorized and directed to pay and perform all of their indebtedness, interest, fees, liabilities, and obligations to the DIP Lenders and Notes Trustee (as defined in the Commitment Letter, as defined in the SARIO), as required under and pursuant to the DIP Facility without any need for further approval from this Court.

5. If any of the provisions of this Order or the SARIO in connection with the DIP Financing or the DIP Lender's Charge is subsequently stayed, modified, varied, amended, reversed or vacated in whole or in part (collectively, a "Variation"), such Variation shall not in any way impair, limit or lessen the priority, protections, rights or remedies of the DIP Lenders, whether under this Order (as made prior to the Variation), under the DIP Loan Commitment Letter or otherwise pursuant to the DIP Financing with respect to any advances made, letters of credit issued, or other obligations incurred prior to the DIP Lenders being given notice of the Variation, and the

DIP Lenders shall be entitled to rely on this Order as issued (including, without limitation, the DIP Lenders' Charge) for all advances so made, letters of credit so issued, and other obligations so incurred pursuant to the DIP Loan Commitment Letter and the DIP Financing.

6. Upon such notice to the Debtors and the Foreign Representative as required under the SARIO, any stay that would otherwise be applicable to the DIP Lenders (whether granted as provisional relief, applied to the Debtors pursuant to section 1520(a)(1) or otherwise) is hereby lifted to permit the DIP Lenders (or any agent acting on their behalf), upon the occurrence of an event of default under the DIP Facility, the DIP Documents or the DIP Lenders' Charge, to exercise all rights and remedies available to them under the SARIO, and such rights shall be enforceable against the Debtors and the Property and any trustee in bankruptcy, interim receiver, receiver or receiver and manager of the Applicants or the Property to the extent provided in the SARIO.

7. This Order shall be sufficient and conclusive notice and evidence of the grant, validity, perfection, and priority of the liens granted to the DIP Lenders in the SARIO without the necessity of executing any security or other document or filing or recording this Order or any financing statement, mortgage, or other instrument or document, which may otherwise be required under the law of any jurisdiction; provided that the Debtors are authorized to execute and the administrative agent under the DIP Financing may file or record financing statements, mortgages, or other instruments to further evidence the liens authorized, granted, and perfected hereby and by the SARIO.

8. Nothing in this Order shall be deemed to determine issues of Colombian law or the permissibility of priming liens over the assets in Colombia.

9. This Order is without prejudice to the Foreign Representative requesting any additional relief in the Chapter 15 Cases, including seeking recognition and enforcement by this Court of any further orders issued in the Canadian Proceeding.

10. This Court shall retain jurisdiction with respect to the enforcement, amendment, or modification of this Order, any requests for additional relief or any adversary proceeding brought in and through these Chapter 15 Cases, and any request by an entity for relief from the provisions of this Order, for cause shown, that is properly commenced and within the jurisdiction of this Court.

11. Notwithstanding any applicability of any Bankruptcy Rules, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry and shall constitute a final order within the meaning of 28 U.S.C. § 158(a).

12. This Order applies to all parties in interest in these Chapter 15 Cases and all of their agents, employees, and representatives, and all those who act in concert with them who receive notice of this Order.

Dated: \_\_\_\_\_, 2025

UNITED STATES BANKRUPTCY JUDGE